𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

GARRETT V. SMEAD.

September 13, 1917.

Absent, Burks, J.

1. APPEAL AND ERROR—*Moot Question.*—The appellee, who is the owner and occupant of a dwelling house, obtained a decree injoining the appellant and a laundry company from maintaining a nuisance in so using the steam laundry, located within one hundred feet of the appellee's dwelling, as to cause smoke, cinders, gases, etc., to be emitted therefrom and cast over the premises of the appellee. Appellant was the owner and lessor of the laundry building, and, as his co-defendant, the laundry company, had dismantled and removed the smokestack, boiler and furnace of the laundry, thus complying with the decree complained of, a motion to dismiss the appeal must be sustained, as the matter in controversy between the parties is terminated, and any opinion or decision that the Supreme Court of Appeals might deliver would be upon a moot question.

Appeal from a decree of the Circuit Court of Roanoke county. Decree for the complainant. Defendant appeals.

*Appeal dismissed.*

The opinion states the case.

*Caldwell & Chaney* and *J. D. Logan,* for the appellant.

*R. T. Hubard* and *T. L. Keister,* for the appellee.

WHITTLE, P., delivered the opinion of the court.

The appellee, L. M. Smead, who is the owner and occupant of a dwelling house in the town of Salem, obtained a decree injoining the appellant, J. P. Garrett, and the Salem Steam Laundry, Incorporated, from maintaining an alleged nuisance in so using their steam laundry, which is located within one hundred feet of appellee's dwelling, as to cause smoke, cinders, soot, ashes, noxious gases and odors to be emitted therefrom and cast over and upon the premises of the plaintiff and into his dwelling and kitchen.

Garrett is the owner and lessor of the building, and his lessee and co-defendant, the Salem Steam Laundry, Incorporated, owned and installed the equipment and conducted the laundry business.

From the foregoing decree Garrett appealed.

We are met at the threshold of the case by a motion to dismiss the appeal because there had been an absolute compliance with the decree complained of, and the matter in controversy between the parties was terminated. Consequently, any opinion or decision that this court might deliver or render would be upon a moot question.

The motion to dismiss was sustained by extrinsic evidence, and the doctrine is well settled that in such circumstances the appeal ought to be dismissed. *Franklin* v. *Peers,* 95 Va. 602, 29 S. E. 321; *Hamer* v. *Commonwealth,* 107 Va. 636, 59 S. E. 400; *Roanoke Ry. Co.* v. *Young,* 108 Va. 783, 62 S. E. 961, 15 Ann. Cas. 946; *Thomas, Andrews & Co.* v. *Town of Norton,* 110 Va. 147, 65 S. E. 466; Burks Pl. & Pr. 754.

*Appeal Dismissed.*