## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

E. C. LEVY, DIRECTOR OF PUBLIC WELFARE OF THE CITY OF

RICHMOND, V. ARISTEA KOSMO,

*and*

E. C. LEVY, DIRECTOR OF PUBLIC WELFARE OF THE CITY OF
RICHMOND V. BILL MANGIGIAN, DICK YERETZIAN
AND ARTHUR YERETZIAN.

March 17, 1921.

1. APPEAL AND ERROR—*Moot Questions—Mandamus.*—Plaintiffs pe-
titioned the court below for writs of mandamus requiring re-
spondent, director of public welfare of the city of Richmond,
to assess the rental for the year 1920 of two stores in a Rich-
mond market, as provided for by the Richmond City Code of
1910, and to comply with the provisions of such code. The
orders of the lower court granted the prayers of plaintiffs' pe-
titions and ordered respondent to assess the rental value for the
stores and to give the relators preference for the renewal of
their leases, and respondent complied with the requirements of
the order in every particular.

   *Held:* On appeal, that there was no longer any actual contro-
versy between the parties, and the cases presented merely a
moot question for the decision of the Supreme Court of Ap-
peals.

2. APPEAL AND ERROR—*Moot Questions—Questions Involving Per-
sons not Parties.*—On appeal from an order in mandamus
proceedings directing respondent to give relators preference
for the renewal of their leases of market stalls, where the
issue had become moot by the execution of the leases by re-
spondent, it appeared that prior to the time of the leases to
plaintiffs, a lease of the same property had been made by re-
spondent to two other parties, and the Supreme Court of Ap-
peals was asked to construe a provision in the latter lease.

*Held:* The lessees not being parties in the court below, and no
issue having been made by the pleadings involving that sub-
ject, any decision as to the proper construction of the lease
could not be carried into effect against such lessees. Such a
decision would be merely an opinion upon a moot question not
in issue.

Error to orders of the Law and Equity Court of the city
of Richmond granting petitions for writs of mandamus.

*Dismissed.*

These are both cases of petitions of the defendants in
error to the court below praying for writs of mandamus
to be issued requiring the plaintiff in error to assess the
rental for the year 1920 of the two stores (one involved
in the one case and one involved in the other), located at
the southern end of the meat market (also known as
"First Market"), facing on Main street, in said city (both
unnumbered, but the store involved in case No. 1 being
known and designated in the record as "Stall 101 in the
First Market" and also "Store A," and the store involved
in case No. 2 being known and designated in the record as
"Stall No. 100 in the First Market" and also as "Store B"),
as provided for in section 14 of chapter 29 of Richmond
City Code 1910, and to comply with the provisions of such
section regarding the posting of the assessment in a con-
spicuous place, and for general relief.

The proceedings in the respective cases were instituted,
matured for hearing and heard at different times in the
court below, but as they involve practically the same ques-
tions they were submitted to be and are heard and consid-
ered together on appeal.

The plaintiff in error is hereinafter referred to as the
respondent and the defendants in error as plaintiffs in the
respective cases, in accordance with their positions as par-
ties in the court below.

Case No. 1 was instituted and matured for hearing in the court below on December 30, 1919, and on that day such court entered one of the orders assigned as error in that case by the respondent. That order granted the prayer of the petition in such case, the substance of which is above set forth, with respect to the store therein involved, namely, it ordered the respondent to proceed "to assess the rental value of Stall No. 101 in the First Market for the year 1920; to post said assessment and to give to the relator the preference for the renewal of her present lease for said stall for the year 1920 at the rental value so assessed."

It appears from the record in case No. 1 that the respondent on December 30, 1919, complied with the requirements of the order just mentioned in every particular, by assessing the rental for the store known as "Stall No. 101," for the year 1920 at $1,750.00, payable monthly in advance, by having the clerk of the first market post a copy of the assessment in said market, and a copy of such notice was sent by respondent to counsel of record for the plaintiff in case No. 1, thereby giving her the preference for the renewal of her then present lease, all in accordance with the prayer of her petition and with the said order of court.

Subsequently, on January 8, 1920, the respondent filed a supplemental answer to the petition in case No. 1 and moved the court to rehear the case. This motion the court overruled and the action of the court below in overruling such motion is also assigned as error in such case.

Case No. 2 was instituted and matured for hearing in the court below on January 10, 1920; and on that day such court entered an order granting the prayer of the petition in such case in precisely the same language as that employed in the above mentioned order of December 30, 1919, in case No. 1, in granting the prayer of the petition in that case (which language is above quoted), even in the particular of referring to the store involved as "Stall No. 101." The

latter reference was, however, manifestly a typographical error, "Stall 100" being intended; the order being so construed in effect by the appeal of respondent complaining of it as applicable to "Stall 100," that being the store involved in case No. 2.

The following mentioned peculiar situation of fact is developed by and shown in the records, which does not appear to have been brought to the attention of or to have appeared in any way before the court below in case No. 2 at the time the order was entered therein just mentioned, nor in case No. 1 at the time the order was entered therein on January 8, 1920, aforesaid.

On December 30, 1919, at the same time he complied with the requirements of the order of that date in case No. 1, as aforesaid, respondent did precisely the same things in all particulars for the benefit of the plaintiffs in case No. 2 with respect to the store involved in that case, and left no doubt as to that, for the notice posted in the market as aforesaid on December 30, 1919, is dated that day and is as follows:

"Rental for the *two* stores at the southern end of the meat market, facing on Main street, has been assessed for the year 1920 at $1,750.00 *each,* payable monthly, in advance." (Italics supplied.)

"Application for the rental of these stores must be made in writing on or before January 1, 1920.

"As these stores are unnumbered, the eastern one of these stores is hereby designated as 'Store A,' and the western one is hereby designated at 'Store B.' Applicants will conform to the above designations in submitting their applications. Bond for the amount of the lease will be required as part of the lease.

"All applications shall be addressed to Dr. E. C. Levy, director of public safety, room 408, City Hall."

(Signed)          "E. C. LEVY,<br>"Director of Public Welfare."

A copy of this notice was sent counsel of record for the plaintiffs in case No. 2 (as well as to counsel of record for the plaintiffs in case No. 1, as aforesaid), with the following at the foot of it:

"For your information I am sending you this copy of the notice which I have had the clerk of the first market post in said market, in accordance with section 14, chapter 29, Richmond City Code 1910, and in accordance with the opinion and choice of the city attorney."

(Signed)   "E. C. LEVY."

It is stated in the reply brief for them that the plaintiffs in both case No. 1 and case No. 2 "agreed to lease the stalls at the price fixed by the plaintiff in error and written leases were entered into between plaintiff in error and defendants in error for the year 1920."

Respondent, by counsel, admits the correctness of this statement of fact, but takes the position that a question involved in these cases still reamins undetermined, which is as follows:

It appears from the record in case No. 1, that, by written lease dated November 26, 1919, the said respondent demised both of the stores above mentioned to Dick Papazian and N. E. Darhanian, for the term of one year, commencing on January 1, 1920, and ending on December 31, 1920, with a provision in the lease, "that a notice of ninety days, in writing only, from either party to the other shall be necessary to terminate this lease at the end of said term, or at the end of any renewal or continuance thereof." And in the supplemental brief for the respondent this position is taken: "By reason of this situation it is claimed that should the judgment of the (court below) be reversed, the said lessees would be entitled to ninety days' notice of the termination of said lease, from which it is clear that should the proceedings be dismissed on the ground that the question that the record now presents is a moot question and

therefore need not be determined, the plaintiff in error desires to bring to the attention of the court and have determined the question as to whether he would be compelled to recognize the validity of the lease, which, by its express terms, gave to the lessees the right to occupy the premises in question for and during the year 1921, no notice having been given by the plaintiff in error of the cessation of said lease on the 31st day of December, 1920."

No issue was made as to this matter by the pleadings before the court below, and the lessees here mentioned are not parties to either of these cases, nor before the appellate court in any way.

The following should also be stated:

It appears from the supplemental brief for the respondent that, on December 17, 1920, the aforesaid section 14 of chapter 29 of Richmond City Code 1910 was so changed as to be no longer operative, and so that any subsequent rental of the stores involved in these cases will be controlled by the new city ordinance on the subject, the construction of which is not involved in such cases.

*Ordway Puller, E. V. Farinholt* and *H. R. Pollard,* for the plaintiff in error.

*T. Gray Haddon,* for the defendants in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

[1] As appears from the statement above, the respondent executed the leases for the year 1920, the preference of privilege of obtaining which was sought by the respective petitions of the plaintiffs in both of the cases before us, which constituted the sole subject of the orders of the court below under review; and that, hence, there is no longer any actual controversy between the parties to these cases over the matters in issue involved in the appeals. The

cases, therefore, present merely a moot question for our decision so far as the parties to these cases are concerned. *Hamar* v. *Commonwealth,* 107 Va. 636, 637-8, 59 S. E. 400; *Mills* v. *Green,* 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293; *Garrett* v. *Snead,* 121 Va. 390; 93 S. E. 628; note in 24 Am. & Eng. Ann. Cas. p. 247. Further,

[2]   It would seem from the facts shown in the above statement that, prior to the time the leases aforesaid were made to the plaintiffs in the cases before us, a lease of the same property was made by respondent to two other parties, namely, one Dick Papazian and one N. E. Darhanian, and we are asked to construe a certain provision in that lease. But these lessees were not parties in the court below to either of the cases before us, and no issue was made by the pleadings in either case in the court below involving that subject. It is therefore plain that any decision we might make on these appeals with respect to the proper construction of the provision of the lease just mentioned could not be carried into effect against the lessees last mentioned. Such a decision would be merely an opinion upon a moot question not in issue in the cases before us.

The appeals in both cases must, therefore, be dismissed.

*Dismissed.*