Syllabus.

## Staunton.

## T. P. GILMER v. W. W. FRANCISCO.

September 22, 1921.

Absent, Burks, J.

1. APPEAL AND ERROR—*Moot Cases—Dismissal of Appeal.*—Where it appears that the Supreme Court of Appeals has nothing but a moot case before it, the appeal must be dismissed.

2. EQUITY—*Jurisdiction—Ex Parte Proceedings—Case at Bar.*—The court below had no jurisdiction in *ex parte* proceedings in which appellant was not before the court, when the order appealed from was entered, to effect the right or title of appellant to the land which he claimed was in truth in controversy. So far as such right or title was concerned, if it existed, the order appealed from was plainly void, if the order had no other support than appears from the record, as the appellant claimed was the case. Whether such claim was correct, the record was insufficient for the Supreme Court of Appeals to determine.

3. EQUITY—*Jurisdiction—Ex Parte Proceedings—Former Adjudication or Res Adjudicata—Case at Bar.*—If the right or title. of appellant to the land which he claims was in truth in controversy in the instant case in *ex parte* proceedings to which he was not a party, was put in issue by the pleadings and proof in another suit to which appellant was a party and decided by the final decree therein, the matter would be *res adjudicata* so far as appellant was concerned. If not so, and if not adjudicated in any other proceeding to which appellant was a party, the matter is still undetermined and unaffected by the order of court in the *ex parte* proceeding to which appellant was not a party.

4. RES ADJUDICATA—*Sufficiency of Record in Appellate Court to Determine Whether a Matter was Res Adjudicata.*—Where neither the bill nor the evidence in an injunction suit nor the evidence in road condemnation proceedings were before the Supreme Court of Appeals, it cannot pass upon the question as to whether a matter was *res adjudicata* because of what took place in those proceedings.

5.  APPEAL AND ERROR—*Moot Cases—Alternate Decree.*—Where the
    order of court appealed from ordered the removal of a fence
    which encroached upon a private road and the fence was re-
    moved pending the appeal, no order which the Supreme Court
    of Appeals could enter would prevent the removal, and the case
    not being one in which the right of appellant to restore or have
    the fence restored was involved, since such right, if it existed,
    was not affected by the order appealed from, the Supreme Court
    of Appeals had no jurisdiction to enter upon the consideration
    of the question of whether the appellant is entitled to the
    alternate relief of a decree against the appellee requiring him
    to restore the fence.

Error to an order of the Circuit Court of Scott county in
contempt proceedings to enforce an injunction. Judgment
for complainant. Defendant assigns error.

*Dismissed.*

It appears from the record that in a proceeding com-
menced before the board of supervisors by applicants, one
S. L. Redwine and the appellee, W. W. Francisco, which
was appealed to the circuit court by the appellant, T. P.
Gilmer, a right of way for a road over the land of the ap-
pellant was condemned and established as a private road,
to be built and kept up by the applicants, upon a location
designated in the report of S. T. Mitchell, surveyor, of his
survey thereof, and in the order of the board of supervisors
as beginning at a certain known beginning point, about
which there is no controversy, to-wit: "In the county road
at the intersection of an old road and a line of a boundary
of land deeded by Henry Osborne and wife to Charles Har-
ris, dated January 16, 1847, thence" (and this is the line
in controversy in the case) "with said line S. 19½ E. 426½
feet to a stake corner to Jake Harris," * * * etc.

The final order of the circuit court, which approves the
order of the board of supervisors and thus establishes the
road in the proceeding mentioned, was entered on January
18, 1917.

It appears from the record that subsequently a suit for injunction was instituted in the same circuit court by Redwine and Francisco against the appellant, Gilmer, his agent, etc., to restrain him and them from in any way interfering with said road and the use thereof by the complainants. The only parts of the record in that suit which appear in the record before us are an order of July, 1917, granting a preliminary injunction "according to the prayer of the bill," and the final decree in such suit, entered March 15, 1918, in which the cause is brought on to be heard "upon the bill and exhibits, the answers and exhibits * * * and the evidence in support of the bill," and the court decreed perpetuating the preliminary injunction and decided "that the complainants are entitled to the road as established by the board of supervisors and approved or affirmed by this court on the law side thereof, the center line of which road is the survey made and reported by T. S. Mitchell, surveyor."

On June 19, 1919, Francisco presented a complaint in writing to the judge of said circuit court, in vacation, in which he recited the granting by the court of said preliminary and perpetual injunctions; alleged that the latter was still in force; further alleged that since the granting of such injunction "some person or persons has or have" placed a fence so as to take approximately three-fifths of the road as located, alleging that the fence begins at or near the west edge of the road or right of way and gradually deflects from the west side until it crosses the center line of the road as located; that it is practically impossible to travel over the road with a wagon; that the fence obstructs the road and violates the injunction; and that said fence also interferes with the use of said road by complainant.

The complaint then charges, on information and belief, that T. P. Gilmer, and two other persons named, "built the fence and obstructed the road," and filed therewith two af-

· 4

fidavits, which are to the effect that the fence was built, as charged in the said complaint, by T. P. Gilmer and the two other persons aforesaid; that affiants were present when T. S. Mitchell, surveyor, surveyed the road and "put in the stakes marking the center line of the survey and the boundary lines;" and that the fence obstructed the road as so located on the ground, as alleged in said complaint.

The said complaint prayed: (1) "That your honor issue a rule, attachment, or such process as is proper for said T. P. Gilmer" and the two other persons aforesaid, "directing them to appear before your honor at such time and place as your honor may direct;" (2) "that such further order enter or process issue as will require said parties to obey the mandate of the circuit court;" (3) "that an order be entered directing the sheriff to remove said fence and obstructions from said road, and, if necessary, authorizing the sheriff to summon T. S. Mitchell, the surveyor, to point out the survey as established by the court and make report thereof;" and (4) "that any other or further order necessary be entered."

Thereupon, on June 19, 1919, in vacation, the judge of said circuit court entered an order, reciting the presentation and prayer of the said complaint, "that a rule be awarded against T. P. Gilmer" and said two other persons, "for violating the injunction" orders aforesaid; and reciting the filing of said affidavits with said complaint. Whereupon, the order states that "it appearing from an examination of the facts presented that a rule should be awarded," thereupon proceeds to award a rule against Gilmer and the other two parties aforesaid, returnable to the first day of the next ensuing September term of said court, 1919, to show cause, if any they can, why they and each of them should not be punished for contempt of court for violating the terms of the injunction (aforesaid) * * * by obstructing the road established by the board of supervisors

\*   \*   \*   and affirmed by the circuit court by the order (aforesaid), and the interfering with the use thereof by the applicants   \*   \*   \*."

The same order thereupon continues as follows:

"It further appearing from the facts presented that there are now obstructions in said road which interfere with the use thereof, it is ordered that C. W. Dougherty, sheriff of Scott county, remove any and all obstructions which have been placed on said road in violation of the writ of injunction of March 15, 1918, and for the purpose of ascertaining the exact location of said road the sheriff is authorized and directed to summon T. S. Mitchell, the surveyor, who shall point out the road as located by him. The sheriff will make a report of his action to the September term, 1919, of said court."

This order was spread on the books in the clerk's office of said circuit court on June 20, 1919.

On May 20, 1920, in term, the further order was entered by said circuit court in the proceeding commenced by said petition, which is the order appealed from, which order, after reciting that the execution of the former order of June 20, 1919, was held up or suspended by direction of the court, and that meanwhile C. W. Daugherty's term of office as sheriff had expired, and that Creed Frayser had qualified in his stead as sheriff of the county, provided that it was "ordered   \*   \*   \*   that Creed Frayser, sheriff, proceed forthwith to execute and carry out said order of June 20, 1919, and to remove said obstructions according to the direction of said order and make report thereof to the next term of this court."

The foregoing statement shows all that is disclosed by the record in this case upon which and upon the petition therefor the appeal was allowed. The petition for appeal, however, states that the real controversy in the case involves the right and title of the appellant, Gilmer, to the

land west of the road as correctly located on the ground, in accordance with the orders of the board of supervisors and of the court establishing the same. As stated in the petition for appeal, the appellant "claims the center of the road to be on a line different from S. 19½ E. That is, that the surveyor, in locating the road, actually located the same on a line different from S. 19½ E., but by mistake reported same on the degree S. 19½ E. * * * (so that) "the center of the road" (as established by the orders aforesaid) is not "where the surveyor actually ran the line * * * on the ground and drove the stakes." And appellant further claims that he located his fence, which the order appealed from directed the sheriff to remove, so that it did not obstruct the road if the road were correctly located on the ground in accordance with the orders of the board of supervisors and the court aforesaid. Appellant further takes the positions in his petition that the circuit court has never had any evidence before it on which to adjudicate the question of the true location of the road on the ground in accordance with said orders establishing it, and further that the order appealed from was void because the court had no *ex parte* jurisdiction to enter it, and no jurisdiction of the appellant so as to authorize it to enter such order, since he was not summoned and made no appearance as a party defendant to the proceeding in which the order appealed from was entered. The petition for appeal also takes the position that since the appeal was granted the contempt proceeding against appellant above mentioned has been dismissed. The brief for appellee does not deny that the latter allegation is correct.

The brief for appellee, however, moves this court to dismiss the appeal, and the same motion was made in oral argument, on the ground that, pending the appeal, the sheriff has executed the order appealed from by removing the fence aforesaid from the road as located on the ground

by the surveyor, and that the road as so located has been since and is now unobstructed. And these facts are made to appear before us by satisfactory evidence, which is not controverted by the appellant.

*S. H. Bond, W. H. Nickels* and *L. P. Summers,* for the appellant.

*W. S. Cox and J. P. Corns,* for the appellee.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

[1] It appears from the statement preceding this opinion that we have nothing but a moot case before us, so that, upon well-settled principles, the appeal must be dismissed. *Levy* v. *Kosmo,* 129 Va. 446, 106 S. E. 228, and cases cited.

[2-4] The court below had no jurisdiction, in the *ex parte* proceeding in which the appellant was not before the court, when the order appealed from was entered, to affect the right or title of the appellant to the land which he claims is in truth in controversy. So far as such right or title is concerned, if it exists, the order appealed from was and is plainly void, if it had no other support than appears from the record before us, as the appellant claims is the case. Whether the latter claim of appellant is correct or not, the record before us is insufficient for us to determine. It may or may not be that the question of the true location of the road on the ground in accordance with the course of the center of the road as established by the orders of the board of supervisors and the circuit court was put in issue by the pleadings and proof in the injunction suit and decided by the final decree therein. If so, that matter would be *res adjudicata* so far as the appellant is concerned. If not so, and if not adjudicated in the road condemnation proceed-

ing, or other proceeding in which appellant was a party, that matter is still undetermined and unaffected by the order of court under review. Neither the bill nor the evidence in the injunction suit nor the evidence in the road-condemnation proceedings being before us, we cannot pass upon the question as to whether the matter is *res adjudicata* because of what took place in those proceedings.

[5] In so far as the removal of the fence is concerned, since it has been removed pending the appeal (this having occurred, as we understand it, before the writ of supersedeas was executed), no order we could enter would prevent that removal. The case not being one in which the right of the appellant to restore or have the fence restored is involved, since such right, if it exists, has not been affected by the order appealed from, we have no jurisdiction to enter upon the consideration of the question of whether the appellant is entitled to the alternate relief of a decree against the appellee requiring him to restore the fence.

The appeal will, therefore, be dismissed, without prejudice to the appellant to assert in any other proper proceeding such right or title as he may have, if any, to the land which he claims in his petition for the appeal to be in controversy.

*Dismissed.*