# Richmond

## JAMES R. WARD v. SIDNEY CHARLTON.

January 13, 1941.

Record No. 2289.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*Tom E. Gilman* and *William G. Maupin,* for the plaintiff in error.

*G. Curtis Hand* and *James G. Martin & Son,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

James R. Ward was injured when his car collided after dark with the rear of a tractor which was being driven by Henry Harper, the servant and employee of Sidney Charlton. Ward sued Charlton for damages for personal injuries and damages to his automobile claiming that the collision was due to the negligence of Harper, in that he was driving the tractor without lights and on the wrong side of the road. Charlton asserted the defense, among others, that Ward was guilty of contributory negligence in that he failed to keep a proper lookout and in other particulars. The matter was heard by a jury which rendered a verdict of $800 for Ward, the plaintiff below. The trial court set aside the verdict and entered a judgment for the defendant, Charlton, which is before us for review. The petition for a writ of error asserts that this court should reverse the judgment below and enter a final judgment on the verdict in favor of Ward, the plaintiff in error, against Charlton, the defendant in error.

The defendant in error has filed a motion to dismiss the writ of error on the ground that the plaintiff in error has been estopped to prosecute this writ of error by a final judgment which was entered subsequent to the granting of the writ by a court of competent jurisdiction and on the identical cause of action.

The motion to dismiss is supported by an affidavit taken pursuant to Rule 8 of this court, which shows that subsequent to the granting of the writ of error in the instant case, Henry Harper, the identical person who was operating the tractor at the time of the collision, brought suit in the Circuit Court of Norfolk county, against Ward, claiming damages for personal injuries sustained by him (Harper) in the collision; that pursuant to the statute ('Code 1936, §6097a) Ward filed a cross-claim against Harper for the identical cause of action now before us, namely, a claim for damages for his (Ward's) personal injuries and damages to his automobile; that the claim of *Harper* v. *Ward* and the cross-claim of *Ward* v. *Harper* were tried together before a jury which rendered a verdict that neither party was entitled to recover of the other; and that the trial court entered a jugdment on the verdict which has become final and which was not and can not now be appealed from. A certified copy of the record in the action of *Harper* v. *Ward,* including the cross-claim of *Ward* v. *Harper,* is attached to the affidavit.

The motion to dismiss asserts that since it has been adjudicated by a court of competent jurisdiction that Ward, the plaintiff in error, can not recover of Harper, the original tort feasor, *a fortiori* Ward can not recover of Harper's master, Charlton, whose liability, if any, depends entirely upon the liability of Harper, under the doctrine of *respondeat superior.* See *Waynesboro* v. *Wiseman,* 163 Va. 778, 177 S. E. 224; *Barnes* v. *Ashworth, Adm'r,* 154 Va. 218, 226-230, 153 S. E. 711; *Virginia Ry. & Power Co.* v. *Leland,* 143 Va. 920, 930, 129 S. E. 700;

*Dalby* v. *Shannon,* 139 Va. 488, 499, 124 S. E. 186; *Sawyer* v. *City of Norfolk,* 136 Va. 66, 116 S. E. 245.

Hence, the motion says that the plaintiff in error is estopped to prosecute the present writ of error, the purpose of which is to recover a judgment in favor of Ward against Charlton, and that the same should be dismissed.

Counsel for the plaintiff in error admits the correctness of the facts stated in the motion to dismiss. He likewise admits that if the judgment on the cross-claim of *Ward* v. *Harper* had been entered prior to the entry of the final judgment in the suit of *Ward* v. *Charlton,* here under review, and had been properly set up as a defense therein, Ward would have been estopped thereby from recovering a judgment against Charlton under the principles laid down in the cases just cited. But he earnestly insists that since the judgment on the claim of *Ward* v. *Harper* was not entered until after the record in the case of *Ward* v. *Charlton* had been settled in the court below, and, indeed, until after the latter case had been brought to this court for review, it can not be considered by us.

It is argued that this is an appellate proceeding in which this court can only review and correct errors presented by the record of the proceedings in the trial court, and that for us to consider extrinsic evidence of matters which have occurred since the entry of the judgment below is to exercise original and not appellate jurisdiction.

█ █ It is true in an appellate proceeding this court sits to review and to correct errors of inferior tribunals. In exercising this jurisdiction we are limited to the record of the proceedings which have taken place in the lower court and have been there settled and certified to us. In reviewing such proceedings extrinsic evidence may not be received by us to contradict or add to the record. 1 Michie's Digest of Virginia and West Virginia Reports, pp. 417*ff*, §§197*ff*.

█ But it is well settled in this State and elsewhere that an appellate court may consider matters which have occurred since the entry of the judgment appealed from

to determine whether it will proceed to review the record before it. Of necessity these subsequent proceedings must be shown by extrinsic evidence not found in the record to be reviewed. In considering such extrinsic evidence and in determining whether it will proceed to a consideration of the proceedings below, the appellate court exercises appellate and not original jurisdiction.

In *Sherman* v. *Commonwealth,* 14 Gratt. (55 Va.) 677, it was permitted to be shown that the plaintiff in error, since the judgment of conviction, had escaped from custody and was at large. Whereupon this court ordered that the writ of error be dismissed unless it should be made to appear by a certain day that the plaintiff in error was in the custody of the proper officer of the law. See also, *Leftwich* v. *Commonwealth,* 20 Gratt. (61 Va.) 716.

In *Garrett* v. *Smead,* 121 Va. 390, 93 S. E. 628, it was shown by extrinsic evidence that the decree appealed from had been complied with, whereupon the appeal was dismissed. See also, *Levy* v. *Kosmo,* 129 Va. 446, 106 S. E. 228; *Gilmer* v. *Francisco,* 131 Va. 47, 108 S. E. 669.

*Franklin* v. *Peers, Clerk,* 95 Va. 602, 29 S. E. 321, is directly in point. There Franklin obtained a writ of error to a judgment of the Circuit Court of Appomattox county denying his application for a mandamus to compel Peers, the clerk of the board of election commissioners, to deliver to him the certificate of election to the office of attorney for the Commonwealth for that county. A motion was made to dismiss the writ on the ground that after the judgment appealed from was rendered and before the writ of error was applied for, the controversy between the plaintiff in error and his opponent as to the title to the office of attorney for the Commonwealth had been adjudicated on its merits by the county court of that county in a proceeding instituted to that end in the manner provided by law for contesting the election of county officers. The motion was supported by affidavits and a certified copy of the record of the proceed-

ings in the county court which sustained the contention of the defendant in error.

██ ██ The plaintiff in error did not attempt to controvert the fact that such contest had been made and decided in favor of his opponent, but asserted that even if this were true it could not be shown in this court by extrinsic evidence; that this court could consider only the transcript of the record of the judgment appealed from; and that if from that record it appeared that the judgment was erroneous he was entitled to have it reversed. In answering this argument Judge Riely, speaking for this court, said (95 Va., at page 603, 29 S. E., at page 321):

"Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded. Only real controversies and existing rights are entitled to invoke the exercise of their powers."

██ After observing that the termination of the controversy may appear from the record under review or from matters of which this court may take judicial notice, he continues, that when such termination of the controversy does not appear in this manner, "it results from the necessity of the case, in order that imposition upon judicial tribunals may be prevented, that it may be shown by extrinsic evidence, and, being so shown, the writ of error or appeal will be dismissed." (Citing *Dakota County* v. *Glidden, post; Little* v. *Bowers, post,* and other cases.)

And, continuing, the opinion states (95 Va., at page 604, 29 S. E., at page 322):

"The record and affidavits filed in support of the mo-

tion to dismiss the writ of error establish that the controversy which existed in regard to the title to the office of attorney for the Commonwealth, at the time the judgment appealed from was rendered, was subsequently judicially determined by a court of competent jurisdiction, from whose judgment no appeal was taken, and the same remains unreversed, and in full force, so that the matter in dispute is not open to a further contention.''

In our opinion that case can not be distinguished from the case at bar. There this court dismissed the writ of error and declined to review the proceedings below as presented by the record because extrinsic evidence showed that subsequent to the entry of the judgment appealed from a court of competent jurisdiction had finally determined that the plaintiff in error was not entitled to the office of attorney for the Commonwealth, which was the precise question presented in the petition for a writ of error.

The present writ of error presents the sole question as to whether Ward is entitled to a judgment against Charlton by reason of the alleged negligent acts of Charlton's servant, Harper. The petition for a writ of error prays that the verdict which Ward obtained against Charlton and which the trial court set aside, be restored, and that this court enter a final judgment on said verdict against Charlton. It conclusively appears from extrinsic evidence, which is not controverted, that subsequent to the closing of the record in the instant case a court of competent jurisdiction has determined that Ward is not entitled to recover the judgment which he here seeks.

Must this court shut its eyes to these admitted facts and sagely proceed to consider an issue which has already been decided by a court of competent jurisdiction, and possibly enter a final judgment directly in conflict with that already rendered? We think not. In our opinion this court has the jurisdiction and it is its duty to examine this extrinsic evidence in determining whether

it will proceed to hear the pending matter or dismiss it because the issue between the parties has been settled.

In *Owen* v. *Dixon,* 162 Va. 601, 175 S. E. 41, this court dealt with a situation similar to that which now confronts us. That suit arose out of a collision between an automobile driven by Owen and another driven by Dixon. Owen sued Dixon and there was a verdict and judgment for the defendant which came before this court for review. There was a motion to dismiss the writ of error on the ground that subsequent to the entry of the judgment below it had been judicially determined by a court of competent jurisdiction that neither of the drivers could recover of the other, and that, therefore, the matter was *res judicata.* The motion to dismiss was supported by affidavits and the record in the proceeding in the subsequent suit. This court proceeded to examine the extrinsic evidence of the matters occurring subsequent to the granting of the writ of error, as disclosed in the affidavits and counter-affidavits, but held that due to a difference of the causes of action and of the issues in the two suits, and for other reasons, the matter was not *res judicata.*

When we examine the authorities from other jurisdictions we find that they are in accord in holding that on a motion to dismiss an appeal an appellate court may examine extrinsic evidence of matters happening since the entry of the judgment below or since the granting of the appeal, and of necessity not disclosed in the record of the proceedings below, to determine whether the appellant has been estopped to prosecute the appeal. See 4 C. J. S., Appeal and Error, §1377, p. 2000, citing numerous cases.

In *Dakota County* v. *Glidden,* 113 U. S. 222, 5 S. Ct. 428, 28 L. Ed. 981 (cited in *Franklin* v. *Peers, Clerk, supra*), a motion to dismiss was sustained upon the showing by extrinsic evidence that pending the appeal the matter in litigation had been compromised and settled and the cause of action extinguished. It was there held

that the consideration of such extrinsic evidence affecting the right of the court to proceed with the hearing on appeal was not the assumption of original instead of appellate jurisdiction. The court there said (113 U. S., at page 226, 5 S. Ct., at page 430, 28 L. Ed. 981): "To refuse to receive appropriate evidence of such facts * * * is to deliver up the court as a blind instrument for the perpetration of fraud, and to make its proceedings by such refusal the means of inflicting gross injustice."

In *Kimball* v. *Kimball*, 174 U. S. 158, 162, 19 S. Ct. 639, 641, 43 L. Ed. 932, in passing on a motion to dismiss based on extrinsic evidence, it was said: "From the necessity of the case, this court is compelled, as all other courts are, to allow facts which affect its right and its duty to proceed in the exercise of its appellate jurisdiction, but which do not appear upon the record before it, to be proved by extrinsic evidence."

See also, *Mills* v. *Green*, 159 U. S. 651, 653, 16 S. Ct. 132, 40 L. Ed. 293; *Little* v. *Bowers*, 134 U. S. 547, 10 S. Ct. 620, 33 L. Ed. 1016.

In *Keely* v. *Ophir Hill Consol. Mining Co.*, C. C. A. 8, 169 F. 601, an appeal was dismissed when it was shown by extrinsic evidence that pending the appeal the matter in controversy had become *res judicata* by reason of the rendition and affirmance of a judgment in a court of competent jurisdiction.

For other cases where motions to dismiss were sustained because of matters occurring subsequent to the entry of the judgment below, and shown by extrinsic evidence, see *Hopson* v. *Frierson,* 106 Ark. 292, 152 S. W. 1008; *Sewell* v. *Johnson,* 165 Cal. 762, 134 P. 704, 706, Ann. Cas. 1915B, 645; *Intertype Corp.* v. *Pulver,* 101 Fla. 1176, 1180, 132 So. 830, 135 So. 793; *Stallings* v. *Shell Petroleum Corp.,* 54 Ga. App. 359, 188 S. E. 50; *Abels* v. *Turner Trust Co.,* 31 Idaho 777, 176 P. 884; *Barnes* v. *Lynch,* 9 Okl. 11, 156, 59 P. 995, 999; *Ehrman* v. *Astoria, etc., Ry. Co.,* 26 Or. 377, 38 P. 306; *Silvius* v. *Brunsvold,* 32 S. D. 252, 142 N. W. 944; *Hice* v. *Orr,* 16

Wash. 163, 47 P. 424; *Whyel* v. *Jane Lew Coal & Coke Co.*, 67 W. Va. 651, 69 S. E. 192.

In every case in which we have seen the specific point discussed it is expressly held that in the consideration of such extrinsic evidence on a motion to dismiss, the appellate court is not exercising original instead of appellate jurisdiction. See *Dakota County* v. *Glidden, supra; Intertype Corp.* v. *Pulver, supra; Barnes* v. *Lynch, supra; Ehrman* v. *Astoria, etc., Ry. Co., supra.*

Some appellate courts take the view that on motions to dismiss they will consider such extrinsic evidence where it is undenied but not where it is controverted. See *Eckert* v. *Binkley*, 134 Ind. 614, 33 N. E. 619, 34 N. E. 441; *Cline* v. *Cline*, 198 Ky. 585, 249 S. W. 348; *Stevens* v. *Irwin*, 132 Wash. 289, 231 P. 783, 784.

We have not found a single authority which supports the argument of the plaintiff in error that an appellate court, in passing on a motion to dismiss an appeal because of matters occurring since the entry of the judgment below, is without jurisdiction to consider undisputed extrinsic evidence of such subsequent matters.

To sustain his contention the plaintiff in error cites only two cases, *Quattlebaum* v. *Black*, 22 S. C. 587, and *Eckert* v. *Binkley, supra.*

In *Quattlebaum* v. *Black, supra*, the appellee made a motion to have incorporated in the record a judgment in a companion case, rendered subsequent to the entry of the judgment appealed from, as additional ground for sustaining the decree below. In a *per curiam* opinion the motion was refused on the ground that the record before the appellate court could not be thus amended or supplemented. There was no motion to dismiss the appeal on the ground that the appellant was estopped by the judgment to prosecute the appeal.

In *Eckert* v. *Binkley, supra*, the appellate court said that if the facts were controverted it would not pass upon whether a matter was *res judicata* by reason of a subsequent judgment, but that it would pass upon such

a defense if the facts were not disputed. (See 33 N. E., at page 621.)

However, on a rehearing, the court modified its opinion and said that it did not intend to hold that a defense occurring since the trial below, even though controverted, could not be asserted in the appellate court, but that since the case before it was to be remanded for a new trial, the defense of *res judicata* could be set up below, and hence it was not necessary for the appellate court to pass upon the question. (See 34 N. E. 441.)

It is true, as argued by the learned counsel for the plaintiff in error, that an appellate court in reviewing the record of the proceedings in the court below will not entertain the defense of *res judicata* if it was available and was not made below. This is so because the defense is an affirmative one and if not asserted below is deemed to have been waived. *Owens v. Commonwealth,* 147 Va. 624, 632, 136 S. E. 765; *Sanitary Refrigerator Co. v. Winters,* 280 U. S. 30, 35, 50 S. Ct. 9, 74 L. Ed. 147; 3 Am. Jur., Appeal and Error, §300, p. 66.

But this principle does not apply to the instant case where the defense was not available and could not have been asserted during the trial below.

Finally, it is argued that the defense of estoppel by judgment or *res judicata* can not be availed of here because the judgment relied on by way of estoppel was not entered until after the entry of the judgment below and before us for review.

The answer to that argument is that Charlton is not asserting the defense of estoppel against the judgment which has been entered in the court below. There the judgment was in favor of Charlton and not against him. Charlton's defense is that Ward is estopped by the judgment entered on the cross-claim of *Ward* v. *Harper* from asking this, the appellate court, to enter a judgment against him, Charlton, on the record and in the proceeding now pending before us.

In *Franklin* v. *Peers, supra,* and *Keely* v. *Ophir Hill*

*Consol. Mining Co., supra,* the matters became *res judicata* pending hearings on appeal.

The doctrine of *res judicata* or estoppel by judgment is based on public policy. 2 Freeman on Judgments, 5th Ed., §626, p. 1318; 30 Am. Jur., Judgments, §165, pp. 910, 911. It "proceeds upon the principle that one person shall not the second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined, upon the merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit." *United States* v. *California Bridge & Construction Co.,* 245 U. S. 337, 341, 38 S. Ct. 91, 93, 62 L. Ed. 332.

The doctrine is firmly established in our jurisprudence and should be maintained where applicable. *Pembroke Limestone Works* v. *Commonwealth,* 145 Va. 644, 648, 134 S. E. 721.

Here it has been brought to our attention by undisputed evidence that since the trial below another court of competent jurisdiction has finally adjudicated that the plaintiff in error, Ward, is not entitled to a judgment against Charlton, the defendant in error. Hence, the plaintiff in error is estopped to ask this court to review the record before it and to enter in his favor a judgment which admittedly will be in conflict with one which has already been entered on the same cause of action.

Accordingly, this court must decline to review the proceedings below and the writ of error will be dismissed.

*Writ of error dismissed.*