# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **2nd** *day of* **December, 2025**.

Logan James Lentz, Appellant,

against        Record No. 0868-24-4
Circuit Court Nos. CR21F00068-03 and CR21M00069-03

Commonwealth of Virginia, Appellee.

Upon a Petition for Rehearing

Before Chief Judge Decker, Judges Ortiz and Chaney

On October 20, 2025 came appellant, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on October 7, 2025, and grant a rehearing thereof.

On consideration whereof, the petition for rehearing is granted, the opinion rendered on October 7, 2025 is withdrawn, the mandate entered on that date is vacated, and this appeal will be reconsidered by the panel of judges that originally considered the matter. No further briefing or argument is required at this time.

A Copy,

Teste:

A. John Vollino, Clerk

By:    *original order signed by a deputy clerk of the*
*Court of Appeals of Virginia at the direction*
*of the Court*

Deputy Clerk

# COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Ortiz and Chaney
Argued at Fairfax, Virginia

LOGAN JAMES LENTZ

MEMORANDUM OPINION[*] BY
PER CURIAM
OCTOBER 7, 2025

v.        Record No. 0868-24-4

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF PAGE COUNTY
Clark A. Ritchie, Judge

Elena Kagan, Assistant Public Defender (Catherine French
Zagurskie, Chief Appellate Counsel; Virginia Indigent Defense
Commission, on briefs), for appellant.

Anna M. Hughes, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Logan James Lentz appeals the circuit court's order revoking the suspended portions of

his sentences for possession with intent to distribute marijuana and driving while intoxicated.  He

argues that the court erred in finding he willfully failed to complete a court-ordered

substance-abuse program at Gemeinschaft Home.  Upon review of the record, briefs, and oral

arguments, we dismiss this appeal as moot.

BACKGROUND[1]

In August 2021, Lentz pleaded guilty to possession with intent to distribute marijuana

and driving while intoxicated.  The circuit court sentenced him to 3 years and 12 months of

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] "We recite the facts 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'"  *Pereira v. Commonwealth*, 83 Va. App. 431, 439 n.3 (2025) (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)).

confinement, suspending 2 years and 21 months, and placed him on 3 years of supervised probation.

Over the next three years, Lentz faced three revocation proceedings. His first term of supervised probation began in October 2021. By June 2022, his probation officer had filed a major violation report alleging that Lentz repeatedly failed to maintain contact. After a revocation hearing, the circuit court found Lentz in violation, resuspended his previously suspended sentences, and ordered him to complete the Gemeinschaft Residential Program.

Lentz resumed supervised probation in June and entered Gemeinschaft in January 2023. Within two months, the program discharged him for "repeatedly fail[ing] to follow the rules and regulation[s]," including unexcused absences and falsified sign-out sheets. At a second revocation hearing, the court again found him in violation for failing to complete Gemeinschaft, imposed 14 days of incarceration, and re-ordered him to complete Gemeinschaft. The court warned that if he did not complete the program, he would "serve out [his] sentence."

After serving the 14 days, Lentz returned to Gemeinschaft in March 2023. By May, he was discharged again after participating in a disruptive incident on the residential grounds. Following a third revocation hearing, the court imposed 12 months of active incarceration and entered its order on January 11, 2024.[2] Lentz timely appealed.

ANALYSIS

Before reaching the merits, we first determine whether Lentz's appeal is moot. The Supreme Court of Virginia has held that when "there is no actual controversy between the litigants" or if a controversy once existed but has ceased, "it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the

_____

[2] The circuit court revoked the unserved portions of his sentences and resuspended all but 12 months.

case." *E.C. v. Va. Dep't of Juv. Just.*, 283 Va. 522, 530 (2012) (quoting *Franklin v. Peers*, 95 Va. 602, 603 (1898)). For the reasons below, we conclude the appeal is moot and therefore do not reach the merits.

## I. Mootness

This appeal is moot because Lentz has served his 12-month active sentence and reversal would provide him no relief. In *Commonwealth v. Browne*, 303 Va. 90 (2024), the Supreme Court of Virginia explained, "[a] case is moot and must be dismissed when the controversy that existed between litigants" no longer exists. *Id.* at 91 (quoting *Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 452 (2013)). The Court also held that once a petitioner fully serves the active sentence, an appeal is moot because the court cannot provide relief. *Id.* at 96.

Lentz served his entire 12-month active sentence. The circuit court entered its revocation order on January 11, 2024. The Virginia Department of Corrections' system confirms that Lentz is no longer incarcerated, which counsel did not dispute at oral argument. *See id.* at 92 (explaining that an appellate court may consider extrinsic evidence to determine mootness). Considering this extrinsic evidence and the record, we conclude that Lentz completed his sentence. Reversal would therefore neither remedy the punishment imposed nor provide relief, absent a continuing controversy or a recognized exception to mootness.

Federal precedent underscores our conclusion. The United States Supreme Court recognizes that once a petitioner serves his active sentence, that incarceration cannot be "undone." *Spencer v. Kemna*, 523 U.S. 1, 8 (1998). To maintain the litigation, the petitioner must show "some concrete and continuing injury" or an ongoing "collateral consequence" of the revocation. *Id.* at 7-8. Because the petitioner in *Spencer* failed to do so, the Court dismissed the case as moot. *Id.* at 14-18; *see also United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008) (finding a case moot when a petitioner, who served his underlying sentence during the pendency

of the appeal, failed to identify any collateral consequences stemming from the revocation of his supervised release). *Spencer* thus confirms that Lentz's appeal may survive if he establishes that the revocation carries concrete, ongoing collateral consequences.

## II. Collateral consequences

The collateral-consequences doctrine does not preserve this appeal because Lentz identifies no specific, concrete, and continuing injury arising from the revocation.

The Supreme Court of Virginia has explained that release from confinement does not render a case moot when the petitioner "continues to suffer a concrete and continuing injury," which qualifies as a collateral consequence. *E.C.*, 283 Va. at 531.

In *Lane v. Commonwealth*, 82 Va. App. 658 (2024), this Court emphasized that the probationer bears the burden of arguing the existence of such "*specific* collateral consequences." *Id.* at 663 (emphasis added). This Court further explained that "because Lane did not argue specific collateral consequences, we assume without deciding that there are no continuing collateral consequences stemming from the trial court's error. Therefore, this appeal would be considered moot unless it fell under an exception[.]" *Id.*

Lentz relies on *Word v. Commonwealth*, 41 Va. App. 496, 507 (2003), to argue that entry into the National Crime Information Computer and a probation violation's effects on employment, personal opportunities, and subsequent criminal proceedings constitute collateral consequences. Although *Word* recognizes potential penal consequences stemming from a probation violation, it does not establish that those consequences alone preserve justiciability once a probationer has served his active sentence. *Id.*

*Lane*, however, makes clear that generalized references to *potential* consequences, such as those noted in *Word*, are insufficient. *Lane*, 82 Va. App. at 663 & n.3. Here, Lentz does not argue any specific, concrete, and continuing injury arising from this revocation. He makes no

- 4 -

claim, for example, that having three revocations on his record rather than two has adversely affected his employment, personal opportunities, or legal interests. *See id.* at 663 n.3. As in *Lane*, because Lentz "d[oes] not argue specific collateral consequences, we assume without deciding that there are no continuing collateral consequences stemming from the [circuit] court's [alleged] error." *Id.* at 663.

Without an argument of "specific collateral consequences," Lentz's appeal remains moot unless a recognized exception—such as the capable of repetition, yet evading review doctrine—applies. We turn to that exception next.

### III. Capable of repetition, yet evading review exception

The United States Supreme Court has held that the capable of repetition, yet evading review exception applies when: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer*, 523 U.S. at 17 (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990)). It "applies only in exceptional situations," where the appellant "can make a reasonable showing that he will again be subjected to the alleged illegality." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *see also Daily Press, Inc.*, 285 Va. at 452 (explaining that courts should use the exception "sparingly").

In *Lane*, this Court applied the exception because the trial court indicated that it would continue to disregard statutory sentencing restrictions, creating a reasonable expectation that Lane or similarly situated individuals could face the same unlawful sentences. 82 Va. App. at 664-66. By contrast, in *Browne*, the Supreme Court of Virginia held the exception did not apply when a petitioner committed "at least two prior technical violations," because the sentencing limitations in Code § 19.2-306.1 no longer constrained any future revocation. 303 Va. at 95-96.

Correcting the alleged error, therefore, would neither affect the outcome nor benefit Browne. *Id.* at 96.

Here, as in *Browne*, the circuit court had already found Lentz in violation of at least two prior technical probation conditions. After a second technical violation, the court may exercise full discretion in imposing a sentence for probation violations. *See Browne*, 303 Va. at 96 (citing Code § 19.2-306.1). Any future probation violation, therefore, would not limit the court's sentencing discretion. *Id.* So even if a future revocation occurs, the court would not be bound by Code § 19.2-306.1 and would retain full discretion to revoke any remainder of Lentz's suspended sentence.

Moreover, Lentz never raised this exception, thus offering no reasonable showing that he would again face the same alleged illegality—that the court would wrongfully find him in willful violation. Although Lentz, who appears to remain on supervised probation,[3] could potentially face another wrongfully alleged willful violation, speculation is insufficient, as courts require more than conjecture to invoke this exception. *See Lyons*, 461 U.S. at 109. The capable of repetition, yet evading review exception thus does not apply because Lentz fails to "make a reasonable showing that he will again be subjected to the alleged illegality." *Id*.

CONCLUSION

Because Lentz completed his active incarceration and does not argue specific collateral consequences or make a reasonable showing that his case is capable of repetition, his appeal presents no live controversy. Therefore, this Court is compelled to dismiss this appeal as moot.

*Dismissed.*

---

[3] The January 11, 2024 revocation order places Lentz on a suspended sentence of 2 years, 8 months, and 16 days, which takes Lentz's probation into 2026.

- 6 -