## Staunton.

Thomas, Andrews & Co. v. Town of Norton.

September 9, 1909.

1. Injunction—*Illegal Tax—Voluntary Payment—Moot Questions—Dismissal—Jurisdiction.*—Upon a pure bill of injunction to enjoin the collection of a tax, the voluntary payment of the tax pending the proceeding and before a final decree destroys the whole ground for the equitable relief prayed, and puts an end to the case. There is nothing left to support the proceeding, and the preliminary injunction granted on the filing of the bill should be dissolved, and the bill dismissed without prejudice. It is immaterial that the parties agree that the suit shall go on to final decree, and that if decided in favor of the taxpayer the officer will refund. Consent does not confer jurisdiction in such a case, and courts will not decide purely moot questions. Whenever there is no actual controversy involving real and substantial rights between the parties to the record the case will be dismissed.

Appeal from a decree of the Circuit Court of Wise county. Decree for defendant. Complainants appeal.

*Amended and Affirmed.*

The opinion states the case.

*Bond & Bruce,* for the appellants.

*C. H. Patteson* and *Bullitt & Chalkley,* for the appellee.

Harrison, J., delivered the opinion of the court.

In this case the appellant obtained a temporary injunction, enjoining the appellee from the collection of a certain tax al-

leged to have been illegally assessed against it. At the final hearing of the cause the temporary injunction was dissolved and the bill dismissed.

The tax, the collection of which was sought to be perpetually injoined, was voluntarily paid by the appellant pending the proceedings in the lower court, and before the final decree. The only reason assigned for continuing the prosecution of this proceeding for a permanent injunction after the payment of the tax was that the appellee had agreed to refund the tax paid by the appellant if the suit should be decided in favor of the latter.

"When an appeal is taken from an order dissolving or denying a preliminary injunction or dismissing the bill, and, pending the appeal, the act sought to be restrained has been accomplished, that fact, upon being brought to the attention of the reviewing court by motion supported by affidavit, affords sufficient ground for dismissing the appeal, the dismissal being without prejudice. . . . So, upon an appeal from a decree dismissing a bill brought to enjoin the collection of taxes, the payment of such taxes pending the appeal affords good reason for dismissing the appeal." High on Injunctions (4th ed.), sec. 1701-a.

If the payment of taxes sought to be enjoined after an appeal is taken necessitates the dismissal of the appeal, so, for the same if not greater reason, the payment of taxes before a final decree in the lower court necessitates the dissolution of the injunction and dismissal of the bill by that court.

It is well settled that where there is no actual controversy, involving real and substantial rights, between the parties to the record, the case will be dismissed.

"The voluntary payment of a municipal tax while a suit is pending in this court between the party taxed and the officers of the corporation, to determine whether it was legally assessed, leaves no existing cause of action, and requires the dismissal

of the writ of error." *Little* v. *Bowers,* 134 U. S. 547, 33 L. Ed. 1016, 10 Sup. Ct. 620.

In the case cited, in answer to the contention that the case had been selected from a number of others as a test case, and that it was the understanding between the parties that the case should proceed to a final hearing before the Supreme Court, it was said: "Nor is it material that the case was selected by the plaintiff in error and agreed to by the defendant in error before the writ of error was prosecuted, as one in which the question of taxation under the New Jersey statutes could be fully considered and finally decided by this court; for it is well understood that consent does not confer jurisdiction."

In *San Mateo County* v. *Southern Pacific Ry. Co.,* 116 U. S. 138, 29 L. Ed. 589, 6 Sup. Ct. 317, a writ of error was dismissed when it appeared that taxes assessed against the company had been paid to the county after the suit had been commenced; the court resting its judgment upon the reason that there was no longer an existing cause of action in favor of the county against the railroad company.

In the case of *Tomboy Gold Mine Co.* v. *Brown* (C. C. A.), 74 Fed. 12, where a motion was made to dismiss the appeal upon the ground that the appellant had, since taking the appeal, paid the taxes, the collection of which the bill sought to enjoin, the court said: "The motion to dismiss must be sustained. It is well settled that the payment, whether voluntary or compulsory, of a tax, to prevent the payment of which a bill in equity has been filed, leaves no issue for the court of equity to pass on. The equitable ground, whatever it may have been, for the relief prayed, ceased upon the payment of the tax."

In *Singer Manufacturing Co.* v. *Wright,* 141 U. S., 35 L. Ed. 506, 12 Sup. Ct. 103, the court said: "We are relieved from a consideration of the interesting questions presented as to the validity of the legislation of Georgia levying a license

tax upon dealers in sewing machines. . . . The taxes being paid, the further prosecution of this suit to enjoin their collection would present only a moot question, upon which we have neither the right nor the inclination to express an opinion. . . . The payment of the taxes was, it is true, made under protest, the complainant declaring at the time that they were illegal, and that it was not liable for them; that the payment was made under compulsion of the writs; and that it was intended to demand, sue for, and recover back the amounts paid. If this enforced collection and protest were sufficient to preserve to the complainant the right to proceed for the restitution of the money, upon proof of the illegality of the taxes, such redress must be sought in an action at law. It does not continue in existence the equitable remedy by injunction which was sought in the present suit. The equitable ground for the relief prayed ceased with the payment of the taxes."

The case at bar is a pure bill of injunction, having no other purpose than to enjoin the collection of the tax in question. When, pending the proceeding and before final decree, the complainant voluntarily paid the tax it was seeking to injoin, the whole ground for the equitable relief prayed ceased. There was nothing left to support the proceeding. It would have been a moot question to have then decided upon the legality of the tax, for if the court had held that the tax was illegal, it could not have entered a decree restraining the collection of a tax that was already paid. In the light of reason and authority, there was nothing to do under such circumstances but to dissolve the temporary injunction and dismiss the bill. The dismissal, however, should have been without prejudice, and in this respect the decree appealed from will be amended, and thus modified it will be affirmed.

*Amended and affirmed.*