COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Benton and Petty
Argued at Richmond, Virginia


DEBORAH Y. LANGE

                                                        MEMORANDUM OPINION* BY
v.      Record No. 2547-06-2                    JUDGE WILLIAM G. PETTY
                                                               MAY 1, 2007
AUGUST F. LANGE, JR.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

Bruce E. Arkema (Cantor Arkema, on brief), for appellant.

Richard L. Locke (Robert W. Partin; Shannon S. Otto; Locke &
Partin, on brief), for appellee.


Appellant Deborah Y. Lange (wife) appeals the trial court's judgment denying her motion to

enforce an offer made by August F. Lange, Jr. (husband) concerning the division of the parties' real

property.  While wife raises substantive issues on appeal, we need not decide them in this opinion.

Instead, we dismiss wife's appeal as moot for the reasons stated below and grant husband's request

for attorney's fees and costs associated with this appeal.

## I. BACKGROUND

On appeal, we view the evidence in the light most favorable to husband, the party

prevailing below.  Petry v. Petry, 41 Va. App. 782, 785-86, 589 S.E.2d 458, 460 (2003).  On

May 19, 2005, husband filed for divorce.  Although the parties had entered a pre-marital

agreement, the settlement of the parties' property was acrimonious.  One of the contested matters

────────────────────
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.  As the
parties are fully conversant with the record in this case, and because this memorandum opinion
carries no precedential value, this opinion recites only those facts and incidents of the
proceedings as are necessary to the parties' understanding of the disposition of this appeal.

involved two pieces of jointly titled real estate, in which the parties had a combined total equity of $454,000. On March 7, 2006, during the course of negotiations, husband's counsel faxed a letter to wife's counsel, offering two possible solutions to the on-going dispute regarding the real estate. The proposal read:

> Option One: Your client will receive $450,000 within 30 days, and she will transfer interest in both pieces of real estate to [husband]. Each party will keep all other property tangible and intangible currently in their possession and individual accounts. A mutual waiver will be signed which will include a waiver by Wife for any potential claims against [husband's real estate company].

>       *      *      *      *      *      *      *

> Option Two: Husband keeps [one property] and Wife keeps [the other property]. Wife will pay Husband $144,000 within 30 days. Same waivers as above.

The letter went on to explain that the amounts offered were based on the parties' equity in the two properties.

Wife's counsel responded the same day, accepting the first option. On March 8, husband's counsel responded to wife's letter of acceptance as follows:

> As you undoubtedly know, there were two typographical errors in my letter to you of yesterday. The total equity in the two properties is $454,000. Under Option One, your client would receive one-half of $454,000, or $227,000. Under Option Two, your client would owe Mr. Lange $144,000.

> Your letter . . . was received, but is obviously based on the typographical error, and is of no consequence.

Several months after this exchange, on June 19, 2006, wife filed a motion seeking to enforce the alleged property settlement involving the $450,000 payment. Following a hearing, the trial court ruled on July 10, 2006, that the alleged settlement was not enforceable because it was neither in writing nor signed by the parties, and thus failed to meet the requirements of Code § 20-155.

On July 20, 2006, the parties entered into another agreement, disposing of their interests in the two pieces of real property. According to that agreement, which was signed by the parties, husband received one of the disputed properties and paid wife $57,000 for her interest in the property. The parties agreed to sell the other disputed property and evenly divide the proceeds. The July 20 agreement also included a statement that the parties had not "agreed to or settled" wife's "right to appeal the [trial court's] decision regarding an alleged agreement between the parties." The trial court entered a final divorce decree in this matter on September 19, 2006, noting that the parties' July 20 agreement "completely adjusts and settles all outstanding property rights . . . ." The divorce decree "affirmed, ratified and incorporated" the July 20 agreement.

## II. ANALYSIS

Wife asks this Court to reverse the trial court's July 10, 2006 ruling and enter a final judgment enforcing the March 2006 "settlement agreement." She contends that a controversy still exists in this case because the March 2006 offer involved not only the transfer of the real property, but also a waiver of any of wife's claims against husband's real estate company. Wife reasons that the additional consideration of the waiver of claims – and the larger cash payment husband was allegedly willing to pay for the waiver – creates an issue separate from that of the settlement of the parties' real estate interests.[1] We have determined, however, that whether the waiver of claims constituted additional consideration is irrelevant in this case, given the parties' decision to enter into a subsequent agreement disposing of the real property.

---

[1] We note that the waiver of claims applied to options one and two; thus, it likely bore no relationship to the larger amount of option one.

It is apparent on this record that no actual controversy currently exists and that the parties' rights as to the disputed real properties were resolved in the subsequent, July 20 settlement agreement.

This Court does "not sit to give opinions on moot questions or abstract matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation." Hallmark v. Jones, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967). "[A] case is moot when the issues presented are no longer 'live.'" Powell v. McCormack, 395 U.S. 486, 496 (1969). Instead, "an actual controversy must be extant at all stages of review," to escape the notion that a case is moot. Preiser v. Newkirk, 422 U.S. 395, 401 (1975). Our Supreme Court has long held that the proper remedy "where there is no actual controversy, involving real and substantial rights, between the parties to the record" is that the case "be dismissed [as moot]." Thomas, Andrews & Co. v. Norton, 110 Va. 147, 148, 65 S.E. 466, 467 (1909).

The primary purpose of husband's March 2006 settlement proposal was to divide the parties' interest in the two parcels of real property. That same division, albeit under somewhat different terms, was mutually agreed upon in the July 20 settlement agreement, after the trial court determined that the March 2006 proposal did not constitute an enforceable agreement. Therefore, the parties' July 20 agreement resolved the same dispute addressed in the March 2006 proposal.

Further, after wife disposed of her interest in the real property pursuant to the July 20 agreement, she was no longer able to perform her obligation under the March 7 proposal. Simply put, she could not transfer her property interest to husband as discussed in the March 2006 proposal because her interest no longer existed. See Gaynor v. Hird, 11 Va. App. 588, 400 S.E.2d 788 (1991) (citing Hale v. Wilkinson, 62 Va. (21 Gratt.) 75, 80 (1871)) (repeating the well-settled principle that each parcel of real estate is unique).

Thus, even were we to grant wife the relief she seeks, the agreement she asked the trial court to enforce is impossible to fulfill because of the July 20 settlement. Based on these facts, we conclude that husband and wife settled the dispute over the real property in their July 20, 2006 agreement and that there is no justiciable dispute remaining in this case. See Commonwealth ex rel. State Water Control Bd. v. Appalachian Power Co., 12 Va. App. 73, 77, 402 S.E.2d 703, 706 (1991) (Benton, J., dissenting) ("A case is moot when, upon the termination of the circumstances out of which a controversy arose . . . an adjudication upon the merits could serve no useful purpose beyond the gratification of a litigious party's will to win." (internal quotation marks and citation omitted)).

Finally, we are not persuaded by wife's contention that this Court should adjudicate this claim, regardless of these facts, based on the statement in the July 20 agreement that the parties had not settled wife's right to appeal this issue. There are only two exceptions to the mootness doctrine. First, cases capable of repetition, yet evading review remain justiciable. In re Times-World Corp., 7 Va. App. 317, 323, 373 S.E.2d 474, 477 (1988). Second, cases involving voluntary cessation of allegedly illegal activity are not moot. City of Virginia Beach v. Brown, 858 F. Supp. 585 (E.D. Va. 1994). The situation before this Court does not give rise to either of these exceptions.

Wife did not cite, nor were we able to find, any precedent supporting the notion that parties could somehow bind an appellate court to render an advisory opinion. Rather, our precedent and that of our Supreme Court is unanimous in stating that "'[t]he duty of this court as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions . . . .'" Jackson v. Marshall, 19 Va. App. 628, 635, 454 S.E.2d 23, 27 (1995) (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 225, 181 S.E. 521, 533 (1935)). Moreover, even when

- 5 -

the parties do not raise the issue of mootness, appellate courts should raise the issue *sua sponte* when the record does not present a live case or controversy.  <u>Baldwin v. Commonwealth</u>, 43 Va. App. 415, 421-22, 598 S.E.2d 754, 757 (2004).

### III.  CONCLUSION

For the foregoing reasons, we dismiss this appeal as moot.  Because wife's appeal is without merit, we grant husband's request for attorney's fees and remand this case to the trial court for a determination of attorney's fees and costs related to this appeal.  <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 479 S.E.2d 98 (1996).

<u>Dismissed and remanded.</u>