COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


BRIAN McCLEAN CLUGSTON
                                            MEMORANDUM OPINION[*] BY
v.       Record No. 2186-08-1                JUDGE ROBERT P. FRANK
                                                AUGUST 4, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

Bryan H. Schempf (Geneva N. Perry; Jones, Blechman, Woltz &
Kelly, P.C., on briefs), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


Brian McClean Clugston, appellant, was convicted of criminal contempt of court as a result

of his testimony in a divorce hearing, in which he was the defendant.   On appeal, appellant asserts

that he was denied his due process rights, including notice of the criminal nature of the proceeding,

advisement of his Fifth Amendment right against self-incrimination, notice of the right to counsel,

and production of evidence establishing guilt beyond a reasonable doubt.   Appellant also contends

that he was improperly convicted of contempt for perjury, because perjury is not enumerated in

Code § 18.2-456 as a predicate to summary contempt, nor does it result in the obstruction of the

administration of justice.   Finally, appellant argues that the trial court abused its discretion in

denying his motion to stay execution of his sentence until the conclusion of his appeal.   For the

reasons stated, we affirm, in part, and reverse, in part.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We will recite only the procedural facts relevant to our analysis. This appeal stems from a domestic relations matter. "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

So viewed, Brian Clugston (appellant) and his wife separated on July 2, 2008. During a *pendente lite* hearing on August 18, 2008, appellant testified he had not denied wife access to the parties' bank accounts.

At the end of the hearing, the trial court stated that he understood appellant's testimony to be that he had done nothing to exclude his wife from their accounts. The court further requested that counsel advise the court if appellant's testimony was not true, and the court would pursue a contempt citation.

On August 26, 2008, wife's counsel wrote to the court that appellant had closed a joint bank account on August 12, 2008 – before the *pendent lite* hearing.

On August 27, 2008, the trial court faxed a letter to counsel for both parties, but not to the parties themselves, stating that the attorneys should schedule a hearing "for the Court to consider criminal contempt sanctions" against appellant. The notice styled the proceeding as civil, and the trial judge did not make the Commonwealth a party to the matter. Appellant and his counsel appeared at a hearing the next day, in response to a telephone call from the court that morning. Appellant's counsel told the trial court that he had not received the faxed letter from the court.

The trial court addressed appellant and stated that the court had received information that contradicted appellant's prior testimony that he did not know why his wife could not access the First Advantage account. The trial court further told appellant that the hearing was appellant's

opportunity to respond to the court's concerns. The trial court then questioned appellant, who was under oath. Appellant's counsel, as well as wife's counsel, also questioned appellant. The trial court did not notify appellant that he had a right not to incriminate himself.

Appellant's wife also testified at the hearing. After argument of counsel, the trial court concluded appellant made a misrepresentation, under oath, concerning wife's access to the bank accounts and found appellant in direct criminal contempt of court; to wit, obstruction of justice. The trial court sentenced appellant to ten days in jail, fined him $250, and ordered him to pay his wife's attorney $250 in attorney's fees.[1] The trial court denied appellant's oral motion for reconsideration of the conviction and for a stay of his sentence.

Appellant filed a motion to reconsider, alleging he had not received procedural due process protections, and raised a generalized objection to the sufficiency of the evidence. Appellant also moved the trial court to stay imposition of the sentence pending an appeal. The trial court denied both motions. This appeal followed.

ANALYSIS

Appellant argues that he was denied the due process rights afforded to criminal contempt defendants, including notice of the criminal nature of the proceeding, advisement of his Fifth Amendment right against self-incrimination, notice of the right to counsel, and production of evidence establishing his guilt beyond a reasonable doubt.

The Commonwealth contends that this issue is defaulted under Rule 5A:12, because appellant's question presented does not address defendant's conviction of contempt.[2]

_____

[1] Appellant has served his entire jail sentence.

[2] In a footnote in its brief, the Commonwealth argues appellant's motion to reconsider, which raised the procedural issues, was not timely filed, citing Roadcap v. Commonwealth, 50 Va. App. 732, 653 S.E.2d 620 (2007). Roadcap is inapposite, because it only addresses post-trial objections to the admissibility of evidence. The Commonwealth cites no other cases to support its position. Until the trial court pronounced judgment and sentenced appellant, it was unclear as

Appellant's question presented states:

> May an alleged perjurer be convicted without being afforded due
> process protections including: notice of the criminal nature of the
> proceeding; notice of the alleged criminal conduct; advisement of
> his Fifth Amendment privilege against self-incrimination; notice of
> the right and an opportunity to retain counsel; notice of the right
> and the opportunity to prepare for trial and subpoena witnesses;
> and production of evidence establishing guilt beyond a reasonable
> doubt?

We can conclude from the question presented that appellant challenged his contempt conviction. We must view the question presented in the context of the actual proceeding. Appellant was not convicted of perjury, although the trial court found appellant lied under oath. The only criminal conviction in the record is for contempt. While inartfully stated, we conclude that appellant does challenge his conviction for contempt because procedural safeguards were not afforded him by the trial court. We conclude that any defect in the question presented is insignificant. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) (directing the Court of Appeals to consider whether appellant's failure to comply with the Rules is insignificant, allowing the Court to address the merits of a question presented).

"[A]ny act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice is contempt." Potts v. Commonwealth, 184 Va. 855, 859, 36 S.E.2d 529, 530 (1946). Contempt proceedings can be characterized as direct or indirect.

> "The substantial difference between a direct and a constructive
> [indirect] contempt is one of procedure. Where the contempt is
> committed in the presence of the court, it is competent for it to
> proceed upon its own knowledge of the facts, 'and to punish the
> offender without further proof, and without issue or trial in any
> form.'" (Citations omitted).
>
> "In dealing with indirect contempts – that is, such as are committed
> not in the presence of the court – the offender must be brought

to the specific nature of the August 28 proceeding, thus preventing appellant from noting any objection at that time. The motion to reconsider was filed the next day. Therefore, we reject the Commonwealth's argument that the motion was untimely.

> before the court by a rule or some other sufficient process; but the power of the court to punish is the same in both cases." [Burdett's Case,] 103 Va. 838, 845-46, 48 S.E. 878, 880-81 [(1904)].

Davis v. Commonwealth, 219 Va. 395, 398, 247 S.E.2d 681, 682 (1978).

In this case, the Commonwealth concedes that the hearing that took place before the trial court was a plenary contempt proceeding in which the contempnor is entitled to procedural safeguards. See Robinson v. Commonwealth, 41 Va. App. 137, 146, 583 S.E.2d 60, 64 (2003) (holding that "[i]ndirect or constructive contempt charges . . . are not brought summarily, but must proceed under a more formal procedure than an immediate adjudication by the court").

Furthermore, the Commonwealth concedes that if appellant's argument is not barred by procedural waiver, the trial court did err and appellant, upon remand, is entitled to a plenary hearing. Finding no procedural waiver, we hold that the trial court erred in conducting a plenary criminal contempt hearing without affording appellant the protections to which he was entitled.

Appellant next contends the evidence was insufficient to support his conviction for criminal contempt. However, appellant's second question presented does not challenge the general sufficiency of the evidence.[3] We decline to consider "an issue not expressly stated among the 'questions presented.'" Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001); see also Lay v. Commonwealth, 50 Va. App. 330, 336 n.3, 649 S.E.2d 714, 716 n.3 (2007) (explaining that under Rule 5A:12(c), "[w]e . . . do not answer [an] unasked question").

Appellant's failure to comply with Rule 5A:20(c) is significant enough that it prevents this Court from reaching the merits of the argument, resulting in a waiver of this issue. See Jay, 275 Va. at 519, 659 S.E.3d at 316 (holding that the Court may treat a question presented as

---

[3] Unlike the situation in Moore v. Commonwealth, 276 Va. 747, 756, 668 S.E.2d 150, 155 (2008), the Commonwealth here has not relinquished its reliance on Rule 5A:12(c) by rephrasing the question presented in order to present the "legally correct" question to this Court.

waived if appellant does not comply with the requirements of a non-jurisdictional rule). We therefore will not address it on appeal.

Appellant also asserts that the trial court erred by convicting appellant of criminal contempt, because his alleged behavior is not among the grounds enumerated in Code § 18.2-456. Specifically, he contends perjury is neither enumerated in the statute nor results in the obstruction of the administration of justice. The Commonwealth responds that appellant did not preserve this issue for appeal. We agree.

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

Rule 5A:18.

A question may not be presented for the first time on appeal. "This Court has said the primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Neal v. Commonwealth, 15 Va. App. 416, 422, 425 S.E.2d 521, 525 (1992).

In "fairness to the trial judge" appellate courts should not "put a different twist on a question that is at odds with the question presented to the trial court." Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999). In this case, the trial judge was not given the opportunity to consider and rule on appellant's argument.

During his argument to the trial court, appellant did not make the argument that he now presents to this Court. In his motion to reconsider, appellant contended in paragraph 7, "The

- 6 -

Defendant's conviction lacked evidence beyond a reasonable doubt" and in paragraph 8, "The alleged offense by the defendant was not subject to the court's power of contempt."

Neither of these claims put the trial court on notice that appellant contended perjury is neither enumerated in the statute nor results in the obstruction of justice. Thus, we conclude these issues are waived, and we will not address this argument.

In his reply brief, appellant argues this Court should address this issue under the "ends of justice" exception to Rule 5A:18. However, "[i]n order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (emphasis added).

The ends of justice exception should be used sparingly. Its purpose is to allow this Court to avoid upholding a "miscarriage of justice." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). The Supreme Court of Virginia has stated that to apply the ends of justice exception "requires a determination not only that there was error . . . but also that application of the exception is necessary to avoid a grave injustice." Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 434 (2005). This occurs only in "rare instances." Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 793 (1981). Here, appellant has given us no specific reason to invoke the exception to Rule 5A:18, and we decline to do so *sua sponte*.

Finally, appellant claims the trial court abused its discretion in denying his motion to stay execution of the sentence. However, appellant has served the entirety of his ten-day jail sentence. Therefore, this assignment of error is moot, and we decline to address it.

Under established law, our duty is "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which can not affect the matter in issue in the case before it.'"

Potts v. Mathieson Alkali Works, 165 Va. 196, 225, 181 S.E. 521, 533 (1935) (quoting Mills v. Green, 159 U.S. 651, 653 (1895). "It is well settled that where there is no actual controversy, involving real and substantial rights, between the parties to the record, the case will be dismissed [as moot]." Thomas, Andrews & Co. v. Norton, 110 Va. 147, 148, 65 S.E. 466, 467 (1909). This is because "'courts are not constituted . . . to render advisory opinions, to decide moot questions or to answer inquiries which are merely speculative.'" Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998) (quoting City of Fairfax v. Shanklin, 205 Va. 227, 229-30, 135 S.E.2d 773, 775-76 (1964)).

CONCLUSION

For the foregoing reasons, we conclude that the trial court erred in conducting a plenary criminal contempt proceeding without affording appellant his procedural due process protections. Accordingly, we reverse and vacate appellant's conviction for contempt, including the fine and assessment of attorney's fees.

Affirmed, in part, and<br>reversed, in part.