SHUMATE

*v.*

SPILMAN.

*(Supreme Court of Appeals of Virginia, May, 1886.)*

[Virginia Law Journal, 1886, p. 443.]

**Supreme Court of Appeals of Virginia—Moot Questions.**

This court sits to decide real controversies, not to determine mooted questions upon which no rights depend, and wherein no relief can be afforded. If the controversy is such that it has been determined by time, and there is now no wrong to right, no relief to be afforded, nothing is left upon which the court's judgment can act, and the appeal will be dismissed and the parties left where they are.

Error to circuit court of Fauquier county.

The opinion states the case.

*F. S. Blair* and *R. R. Campbell*, for plaintiff in error.

*R. T. Scott*, *W. H. Payne*, *Thos. Smith* and *A. D. Payne*, for defendant in error.

LACY, J., delivered the opinion of the court.

This is a proceeding in *quo warranto* to test the respective rights of two claimants to the office of county judge of Fauquier county, Va., for the term of office commencing January 1st, 1880, continuing six years, and expiring January 1st, 1886.

The petition was filed in the circuit court of Fauquier,

April 8th, 1884, a judgment there promptly rendered, and a writ of error to the same was awarded by one of the judges of this court, May 19th, 1884. The case was soon after docketed in this court, where it remained until the 5th day of April of the present term, when being reached in due course was argued and submitted for the decision of this court.

The question is, Who is entitled to hold the office of county judge for a term which has expired. The question involved is one of the greatest importance, involving the structure of the government of the state ; and from its importance and real interest this court would cheerfully bring to its consideration, and to an examination of the points raised, its best endeavors. But the term having expired over which the contention is, and as the judgment here could only be one of ouster or the contrary, as the case might turn, and costs, and as in the present situation of the parties, neither one claiming the right to hold the office for the stated term, and neither actually holding the said term, there can be no judgment in the case now lawfully rendered of ouster, nor the contrary ; and as costs in this court depend upon the substantial result of the litigation, there can be no judgment for the plaintiff in error by which his costs can be saved to him, and no judgment by which the defendant in error can be held for costs by reason of a judgment against him. In other words, the controversy has ceased to exist, and the questions raised are merely moot questions.

This court sits to try cases and decide real controversies ; but it must now, as heretofore, decline to determine mooted questions upon which no rights depend, and where no relief can be afforded. If the controversy is of such a character, and the circumstances surrounding it such that it has been determined by time, and there is now no wrong to right, and no relief to be afforded, there is nothing left upon which

the court's judgment can act, and nothing can be done but to leave the parties where they are, and to dismiss the appeal. But in so doing this court does not pass upon any question raised in the case; does not affirm nor reverse the judgment of the court below.

Appeal dismissed.

FAUNTLEROY, J., dissents.