# Richmond.

## HAMER v. COMMONWEALTH.

### November 21, 1907.

1. APPEAL AND ERROR—*Termination of Controversy—Moot Questions.*—
Whenever it appears, or is made to appear by extrinisic evidence,
that there is no actual controversy between the litigants, or that,
if it once existed, it has ceased, the appeal or writ of error should
be dismissed. Courts of justice sit to decide actual controversies
by a judgment which can be enforced, and not to give opinions
upon moot questions or abstract propositions of law.

Error to a judgment of the Circuit Court of Alleghany Coun-
ty in a proceeding by *Quo Warranto.*

Dismissed.

This proceeding is one of several instituted by the attorney
for the commonwealth of Alleghany county against the judges
of election, appointed by the Electoral Board of Alleghany
county, and the judges appointed by the common council of
the town of Covington, situated in said county, to determine
which of said judges were entitled to hold the office and dis-
charge its duties.

*Geo. A. Revercomb* and *Jno. T. Delany,* for the plaintiff in
error.

*Attorney-General Wm. A. Anderson,* for the commonwealth.

HARRISON, J., delivered the opinion of the court.

This *quo warranto* proceeding was instituted in September,

1906, by the attorney for the commonwealth of Alleghany county, to have determined a conflict between certain parties claiming to be judges of election for the second ward in the town of Covington.

The plaintiff in error, together with two others, were appointed judges of election for said second ward by the electoral board for the county of Alleghany; and their contestants, three in number, were appointed to the same office by the council of the town of Covington. The circuit court of Alleghany county held that those persons appointed as judges of election by the council of the town of Covington were entitled to hold the office and discharge its duties. To that judgment this writ of error was awarded, October 8, 1906, upon the petition of one of the parties who had been appointed by the electoral board.

It appears that the term of the office in question has, under the law, expired since this writ of error was awarded. This being so, the issue has become extinct. Neither party is now holding the office for the stated term, or can hold it for such term. There can, therefore, be no judgment of ouster or the contrary lawfully rendered, and the case must be dismissed.

Whenever it appears, or is made to appear, that there is no actual controversy between the litigants, or that, if it once existed, it has ceased, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case. It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and when no relief can be afforded. Only real controversies and existing rights are entitled to invoke the exercise of their powers. *Franklin* v. *Peers,* 95 Va. 602, 29 S. E. 321; *Shumate* v. *Spilman,* 1 Va. Dec. 604; *Meyer* v. *Pritchard,* 131 U. S. CCIX, 23 L. Ed. 961; *Mills* v. *Green,* 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293.

In the case last cited, Mr. Justice Gray says: "The duty of this court, as of every other judicial tribunal, is to decide

actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.   It necessarily follows that when, pending an appeal from the judgment of the lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court; if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal.   And such a fact, when not appearing on the record, may be proved by extrinsic evidence."    Citing *Lord* v. *Veazie,* 8 How. 251, 12 L. Ed. 367; *California* v. *San Pablo & Tulare Railroad,* 149 U. S. 308, 37 L. Ed. 747, 13 Sup. Ct. 876.

The controversy in the case at bar having ceased to exist, leaving only moot questions, there can be no recovery for costs in this court, where such a judgment depends upon the substantial result of the litigation.   The case must, therefore, be dismissed without costs to either party.

*Dismissed.*