## Staunton.

### BRANSCOME V. CUNDUFF.

#### September 19, 1918.

1. MOOT QUESTIONS—*Appeal and Error.*—By a decree of the lower court appellant was "perpetually enjoined from practicing medicine and exercising his profession as a practicing physician within a radius of fifteen miles from Laurelfork." After the cause was argued and submitted in the Supreme Court of Appeals, appellant died. The issue upon which the cause came to the Supreme Court of Appeals became a purely moot question, and nothing remained for it to do except to enter an order dismissing the cause without costs to either party.

2. APPEAL AND ERROR—*Moot Questions—Costs.*—It was insisted by counsel for the appellant that in the instant case the controversey ought to be decided in order to settle the question of costs.

   *Held:* That the controversy in the case at bar having ceased to exist, leaving only moot questions, there could be no recovery for costs in the Supreme Court of Appeals, where such a judgment depends upon the substantial result of the litigation, and that the case must, therefore, be dismissed without costs to either party.

Appeal from a decree of the Circuit Court of Carroll county. Decree for complainant. Defendant appeals.

*Dismissed.*

The opinion states the case.

*Wm. D. Tompkins* and *Hooker & Hooker,* for the appellant.

*S. F. Landreth, B. P. Goad, D. W. Bolen* and *W. S. Tipton,* for the appellee.

KELLY, J., delivered the opinion· of the court.

On the 4th of October, 1915, Dr. E. L. Branscome, a physician residing and practicing medicine at Laurelfork, in· Carroll county, sold and conveyed his home to Dr. S. A. Cunduff, another physician residing and practicing at that place. The deed expressed a money consideration of $2,250, and contained this further provision: "And for the same consideration the said Dr. E. L. Branscome agrees not to locate again within the radius of fifteen miles of Laurelfork, Virginia, as a practicing physician." Branscome moved away, but returned within a year from the date of the deed, took up his residence near Laurelfork, and resumed the practice of his profession. Cunduff thereupon brought this suit for an injunction. The result was a decree of the lower court whereby Dr. Branscome was "perpetually enjoined from practicing medicine and exercising his profession as a practicing physician within a radius of fifteen miles from Laurelfork." From this decree the present appeal was allowed.

Since the cause was argued and submitted in this court, Dr. Branscome has died. This fact is conceded by counsel representing both parties. The issue upon which the cause came to this court has, therefore, become a purely moot question, and nothing remains for us to do except to enter an order dismissing the case without costs to either party. This is the settled practice in this State and elsewhere generally. *Hamer* v. *Commonwealth,* 107 Va. 636, 59 S. E. 400: *Mills* v. *Green,* 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293; *Elbon* v. *Hamrick,* 55 W. Va. 236, 46 S. E. 1029; 3 Cyc. 188, sub-sec. 4, and cases cited in note 82; 2 R. C. L., sec. 145, p. 169.

It is insisted by counsel for the appellant that in this particular case the controversy ought to be decided in order to settle the question of costs, the amount of which is said to be considerable. The authorities above cited are decisively adverse to this contention. As was said by Judge Harrison in *Hamer* v. *Commonwealth, supra,* "the controversy in the case at bar having ceased to exist, leaving only moot questions, there can be no recovery for costs in this court, where such a judgment depends upon the substantial result of the litigation. The case must, therefore, be dismissed without costs to either party."

*Dismissed.*