## Wytheville

### HENRY S. WALLERSTEIN v. ANNYE W. BRANDER.

June 14, 1923.

1. BILLS, NOTES AND CHECKS—*Defense to Action on Note that Payee Agreed to Extend Time of Payment—Abatement, Revival and Survival—Dilatory Plea made after Plea to the Merits.*—In the instant case, an action on notes, defendant filed a plea of the general issue on April 4, 1921, and on the 7th day of June, 1921, tendered a special plea in writing, alleging that, before the maturity of the notes sued on, plaintiff agreed, for a valuable consideration, to extend the time of payment of the notes till February 28, 1923. Whether the defendant could avail himself of the defense set up by this special plea, or was remitted to an action on the agreement for the extension, is a question upon which the authorities are divided. However, if the defense was available, it could only be set up by a plea in suspension; and as the defendant had previously pleaded to the merits, the plea in suspension came too late.

2. APPEAL AND ERROR—*Moot Questions—Extension—Time of Payment of Notes—Case at Bar.*—In the instant case, an action on notes, defendant pleaded that plaintiff had agreed to extend the time of payment of the notes. This time expired pending the appeal by defendant, and therefore the question before the Supreme Court of Appeals was moot, as the court was powerless to grant appellant any relief.

3. APPEAL AND ERROR—*Moot Questions.*—When, pending an appeal from the judgment of a lower court, an event occurs which renders it impossible for the court to grant appellant any effectual relief whatever, the court will not proceed to a final judgment, but will dismiss the appeal.

4. APPEAL AND ERROR—*Moot Questions—Costs.*—Where the controversy in any case ceases to exist, leaving only moot questions, there can be no recovery for costs in the Supreme Court of Appeals.

Error to a judgment of the Law and Equity Court of the city of Richmond, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Dismissed.*

The opinion states the case.

*David Meade White*, for the plaintiff in error.

*Page & Leary*, for the defendant in error.

WEST, J., delivered the opinion of the court.

This writ of error is to a judgment upon a verdict in favor of Annye W. Brander, guardian, against Henry S. Wallerstein for $10,000.00, with interest and costs.

Annye W. Brander, guardian for her two children by a former marriage, purchased, as an investment, two promissory negotiable notes drawn by Henry S. Wallerstein for the sum of five thousand dollars each, dated February 28, 1918, and payable to bearer three years after date at the Merchants National Bank of Richmond. The notes carried six per cent. interest, represented by separate notes payable quarterly, and were secured by a deed of trust upon real estate in the city of Richmond. The interest notes were paid promptly as they became due.

Wallerstein desired to renew the principal notes at maturity, and on January 11, 1921, had his agent, H. T. Richeson, write Mrs. Brander to ascertain if it would be agreeable. He received no letter in reply, and about a month later Mrs. Brander called Richeson over the telephone and acknowledged receipt of letter, and, he says, agreed to renew the notes for two years. She says she agreed to the extension conditionally, and promised to see him later; that she saw him, but the terms of the extension were never agreed upon.

In pursuance of this extension contract, Wallerstein, on February 28, 1921, executed eight negotiable notes for $75.00 each, payable quarterly to the order of the

bearer to cover the interest to accrue on the loan for the two years. These notes were delivered to Richeson to be turned over to Mrs. Brander.

Mrs. Brander was in Richmond on February 28, 1921, where she saw Richeson and inquired about the payment of brokerage, in additon to the six per cent. interest. Upon Richeson's refusal to pay it, she declined to accept the interest notes and demanded payment of the principal notes. Payment was refused, and she instituted this suit, by notice of motion for judgment upon the two notes of $5,000 each.

[1, 2] The plaintiff claimed they were past due and payable.

The defendant filed a plea of the general issue and a special plea in writing, alleging that before the maturity of the notes sued on the plaintiff, for a valuable consideration, agreed to extend the time of payment of the notes for a period of two years from the maturity thereof, to-wit, February 28, 1921, and that the notes would not be due and payable until February 28, 1923.

Whether the defendant could, in this action, avail himself of the defense set up in the special plea, or was remitted to an action on the agreement for the extension, is a question upon which the authorities are divided. 4 Minor's Inst., Pt. I (2d ed.), p. 676; 5 Rob. Pr. (new) 33, and cases cited. If the defense was available in the present action, it could only be set up by a plea in suspension, but the defendant had pleaded to the merits on April 4, 1921, and the plea in suspension, filed June 7, 1921, came too late and was properly rejected. Burks' Pl. & Pr. (2d ed.) 259. Besides, the only defense was that the plaintiff had no right to sue until after February 28, 1923. That time has now elapsed and the question before the court has become moot, pending the appeal. It is apparent that the

court is powerless to grant the appellant any relief, since upon his own admissions the plaintiff (appellee) is now entitled to a judgment upon the notes sued on.

[3] When, pending an appeal from the judgment of a lower court, an event occurs which renders it impossible for the court to grant him any effectual relief whatever, the court will not proceed to a final judgment, but will dismiss the appeal. *Mills* v. *Green,* 159 U. S. 651; 16 Sup. Ct. 132, 40 L. Ed. 293; Burks' Pl. & Pr. (2d ed.), sec. 393; *Franklin* v. *Pears,* 95 Va. 602, 29 S. E. 321; *Branscome* v. *Cunduff,* 123 Va. 352, 96 S. E. 770.

[4] Where the controversy in any case ceases to exist, leaving only moot questions, there can be no recovery for costs in this court. *Hamer* v. *Commonwealth,* 107 Va. 638, 59 S. E. 400; *Branscome* v. *Cunduff, supra.*

The writ of error will be dismissed without costs to either party.

*Dismissed.*