UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Alston and Senior Judge Felton
Argued by teleconference

LADAWN SHRIEVES KING

MEMORANDUM OPINION[*] BY
v.       Record No. 2066-14-4       JUDGE WALTER S. FELTON, JR.
                                    NOVEMBER 24, 2015

DWAYNE E. KING

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

Mark Bodner for appellant.

No brief or argument for appellee.

LaDawn Shrieves King (wife) appeals a final decree of divorce. Wife argues that the trial

court erred by (1) admitting into evidence Dwayne E. King's (husband) Exhibit 2, which included

copies of wife's conviction and sentencing orders from the circuit court of her maliciously

wounding him and use of a firearm in that offense; (2) admitting into evidence husband's Exhibit 1,

which was a copy of a protective order against wife; and (3) granting husband a divorce based on

cruelty. We find no error, and affirm the decision of the trial court.

BACKGROUND

Husband and wife married on October 17, 2003. The parties separated on November 21,

2012, after wife shot husband while he was sleeping. Wife was arrested and charged with

malicious wounding and use of a firearm in the commission of a felony.

On May 30, 2013, a jury found wife guilty of malicious wounding and use of a firearm in

the commission of a felony. The jury recommended that wife be sentenced to five years in

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

prison for malicious wounding and three years in prison for use of a firearm in the commission of a felony.  The circuit court accepted the jury's verdict, and on August 8, 2013, entered its sentencing order.  Wife appealed her convictions.  On March 6, 2014, this Court issued a *per curiam* order that granted a portion of wife's petition for appeal of those convictions.

On August 15, 2013, husband filed a complaint for divorce in circuit court, seeking a divorce from wife on the grounds of cruelty.  Wife filed an answer.  The parties appeared before the circuit court on July 16, 2014 for a determination of the grounds for divorce, equitable distribution, child support, spousal support, and attorney's fees.  Over wife's objections, the circuit court allowed husband to introduce into evidence copies of wife's conviction and sentencing orders for malicious wounding and use of a firearm in the commission of a felony.  Husband also entered into evidence a copy of the protective order he received.  On September 12, 2014, the circuit court issued a letter opinion referring to wife's criminal convictions, and awarding husband a divorce from wife based on the grounds of cruelty.  On October 10, 2014, the circuit court entered a final decree of divorce that memorialized its rulings and included references to wife's criminal convictions.[1]  Wife timely noted her appeal.

## ANALYSIS

### *Assignment of error #1*

Wife argues that the trial court erred in admitting her conviction and sentencing orders into evidence because wife had appealed the convictions.  However, after this Court reversed

---

[1] On October 28, 2014, a panel of three judges from this Court reversed wife's criminal convictions, and remanded the matter for a new trial, at the discretion of the Commonwealth. See King v. Commonwealth, No. 1684-13-4, 2014 Va. App. LEXIS 356 (Va. Ct. App. Oct. 28, 2014).  The Commonwealth filed a petition for rehearing *en banc*, which was granted.  On April 7, 2015, the Court, sitting *en banc*, reversed wife's criminal convictions on the basis of the trial court failing to grant an instruction on accidental shooting, and remanded the matter to the circuit court for a new trial, at the discretion of the Commonwealth.  See King v. Commonwealth, 64 Va. App. 580, 770 S.E.2d 214 (2015) (*en banc*).  On remand, wife entered an Alford plea acknowledging the Commonwealth's evidence, if believed, was sufficient to sustain a conviction of the crime or lesser-included offense on which she was indicted.

wife's convictions and remanded the case to the trial court for further proceedings, wife entered an Alford plea to the indictments at retrial on remand. She was again convicted of malicious wounding and use of a firearm in that offense. Her convictions of those offenses are now final.

"The duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944) (quoting Hamer v. Commonwealth, 107 Va. 636, 637-38, 59 S.E. 400, 400 (1907)). See also Hallmark Personnel Agency, Inc. v. Jones, 207 Va. 968, 971, 154 S.E.2d 5, 7 (1967) ("appellate courts do not sit to give opinions on moot questions or abstract matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation" (citations omitted)).

Consequently, this Court will not consider wife's first assignment of error that the trial court erred in sustaining an allegation of physical cruelty as grounds for husband's divorce from her. See Daily Press, Inc. v. Commonwealth, 285 Va. 447, 452, 739 S.E.2d 636, 639 (2013) ("a case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist").

*Assignment of error #2*

Wife also argues that the trial court erred in admitting the protective order into evidence. She admits that she did not preserve this issue in the trial court, but asks this Court to consider her arguments based on the good cause and ends of justice exceptions of Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18.

Wife had the opportunity to object to the admission of the protective order, but failed to do so. Therefore, the good cause exception to Rule 5A:18 does not apply. See M. Morgan Cherry & Assocs. v. Cherry, 38 Va. App. 693, 702, 568 S.E.2d 391, 396 (2002) (*en banc*) (holding that Rule 5A:18 applied because the party failed, "without good cause," to object to the evidence).

"The ends of justice exception is narrow and is to be used sparingly . . . ." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Id. (emphasis in original) (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)). There was no miscarriage of justice, and the ends of justice exception does not apply.

Accordingly, this Court will not consider wife's second assignment of error.

*Assignment of error #3*

Wife argues that the trial court erred in granting husband a divorce based on the grounds of cruelty. She contends husband's evidence of her "alleged cruelty" was not sufficiently corroborated.

"On appellate review, a divorce decree is presumed correct and will not be overturned if supported by substantial, competent, and credible evidence." Gottlieb v. Gottlieb, 19 Va. App. 77, 83, 448 S.E.2d 666, 670 (1994) (citing Capps v. Capps, 216 Va. 382, 384, 219 S.E.2d 898, 899 (1975)).

The trial court granted husband a divorce based on cruelty. The final decree of divorce states, "The Court finds that the dissolution of the marriage was caused by [wife] shooting [husband] in the arm as he slept on the couch in their house on November 21, 2012, with the two

- 4 -

children present in the house at the time." The trial court found that wife's actions of shooting husband constituted cruelty under Code §§ 20-95 and -91(A)(6).

Code § 20-91(A)(6) authorizes a divorce from the bond of matrimony on the grounds of cruelty. "[T]he cruelty that authorizes a divorce is anything that tends to bodily harm and thus renders cohabitation unsafe; or, as expressed in the older decisions, that involves danger of life, limb or health." Zinkhan v. Zinkhan, 2 Va. App. 200, 208, 342 S.E.2d 658, 662 (1986) (quoting Latham v. Latham, 71 Va. (30 Gratt.) 307, 320-22 (1878)). Moreover,

> a single act of physical cruelty will constitute grounds for divorce if it is so severe and atrocious as to endanger life, if it indicates an intention to do serious bodily harm, if it causes reasonable apprehension of serious danger in the future, or if the precedent or attendant circumstances show that the acts are likely to be repeated.

Davis v. Davis, 8 Va. App. 12, 15, 377 S.E.2d 640, 642 (1989) (citing DeMott v. DeMott, 198 Va. 22, 28, 92 S.E.2d 342, 346 (1956)).

Husband testified concerning the November 21, 2012 shooting incident. He relied on the trial court's issuance of its protective order against wife, as well as wife's criminal conviction and sentencing orders to corroborate the grounds for divorce.[2] Wife argues that his evidence was insufficient to prove cruelty.

"No divorce . . . shall be granted on the uncorroborated testimony of the parties or either of them." Code § 20-99(1); see also Clark v. Clark, 11 Va. App. 286, 296, 398 S.E.2d 82, 88 (1990) ("The public policy of Virginia requires that before a spouse may obtain a divorce, he or she must prove the grounds therefor and no complaint for divorce shall be defaulted, taken for confessed, or granted upon the pleadings or upon uncorroborated testimony." (citing Code § 20-99(1), (2), and (3))).

---

[2] Husband presented testimony from Charles Craig Graham, who was husband's friend, to corroborate the statutory factors for the divorce. Graham testified that the parties separated on November 21, 2012, but did not explain the circumstances surrounding the separation.

"The question of corroboration is one of fact, the decision of which in each case depends upon the peculiar facts of that particular case." Graves v. Graves, 193 Va. 659, 661, 70 S.E.2d 339, 340 (1952). There only needs to be "slight" corroboration for the grounds of divorce when it is evident that there is no collusion between the parties. Id. at 662, 70 S.E.2d at 340. "[Corroboration] need not rest in the testimony of the witnesses but may be furnished by surrounding circumstances adequately established." Dodge v. Dodge, 2 Va. App. 238, 245-46, 343 S.E.2d 363, 367 (1986) (quoting Graves, 193 Va. at 662, 70 S.E.2d at 341) (emphasis omitted).

In this case, as there was no evidence of collusion between the parties, husband needed to provide only slight corroboration to support the ground of cruelty. Both parties testified about their financial issues during the marriage. Husband testified that he was sleeping on the couch in their house when wife shot him in the arm on November 21, 2012. He introduced the conviction order and protective order into evidence.

Contrary to wife's arguments, the trial court could consider the conviction order for purposes of the grounds for divorce, even though wife was appealing the conviction order at the time. The "appeal of a criminal conviction does not affect the finality of judgment, but only suspends the execution of the sentence." Collins v. Commonwealth, 269 Va. 141, 145-46, 607 S.E.2d 719, 721 (2005) (citing Peterson v. Commonwealth, 225 Va. 289, 297-98, 302 S.E.2d 520, 525-26 (1983)).

The conviction order and the protective order corroborated husband's testimony that wife shot him. Furthermore, on remand following this Court's reversal of wife's initial convictions of malicious wounding of husband and use of a firearm in that wounding, wife entered an Alford plea in which she acknowledged that the Commonwealth's evidence was sufficient to prove that she was

- 6 -

guilty of malicious wounding.  Considering all of these circumstances, the trial court did not err in granting husband a divorce based on cruelty.

Moreover, even assuming that the trial court erred, any error is harmless.  Wife does not allege, and the record does not indicate, that the grounds for divorce affected the trial court's ruling in other aspects of the case, such as the equitable distribution award.  Both parties sought a divorce, and, at the time of the final hearing, they had been separated for more than one year.  Consequently, any error committed by the trial court is harmless because the trial court's finding of cruelty did not affect the outcome of the divorce.  The trial court did not err in entering its order dissolving the marriage.

## CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.

<u>Affirmed.</u>