PRESENT: Goodwyn, C.J., Mims, Powell, Kelsey, McCullough, and Chafin, JJ., and Millette, S.J.

ROBERT GODLOVE, ET AL.

v. Record No. 201310

DANIEL G. ROTHSTEIN

OPINION BY
JUSTICE D. ARTHUR KELSEY
FEBRUARY 3, 2022

FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Dennis L. Hupp, Judge

Robert Godlove and Theresa Wolfe appeal the trial court's judgment in favor of Daniel G. Rothstein, which interpreted a deed of dedication as permitting Rothstein to extend a paved driveway within an easement running across Godlove's and Wolfe's property to Rothstein's property. During the pendency of this appeal, Rothstein sold his property that was the subject of this appeal. Rothstein thereafter filed a motion to dismiss the appeal as moot and to vacate the trial court's final judgment. We grant the motion and vacate the judgment.

I.

"A question is moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Board of Supervisors v. Ratcliff*, 298 Va. 622, 622 (2020) (citation omitted). The constitutionally vested "judicial power," Va. Const. art. VI, § 1, does not authorize us to "issue advisory opinions on moot questions," *Ratcliff*, 298 Va. at 622. Because Rothstein no longer owns or uses the property that is the subject of this appeal, there is no longer any live controversy for this Court to resolve, nor do the parties have any legally cognizable interest in the outcome of this now moot appeal. "When, pending an appeal from the judgment of a lower court, an event occurs which renders it impossible for the court to grant [the appellant] any effectual relief whatever, the court will not proceed to a final judgment, but will dismiss the appeal." *Wallerstein v. Brander*, 136 Va. 543, 546 (1923).

As for Rothstein's request to vacate the trial court's judgment, the manner in which a case becomes moot affects vacatur. "When a prevailing party voluntarily and unilaterally moots a case, preventing an appellant from obtaining appellate review, vacatur of lower court judgments is generally appropriate." *Ratcliff*, 298 Va. at 623. An appellant challenging the merits of an adverse trial court ruling that "is frustrated by the vagaries of circumstance . . . ought not in fairness be forced to acquiesce in that ruling." *Id.* (quoting *Camreta v. Green*, 563 U.S. 692, 712 (2011)). To protect an appellant from an unfair truncation of appellate review, "[t]he equitable remedy of vacatur ensures that 'those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review.'" *Id.* (quoting *Camreta*, 563 U.S. at 712). "The point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by what we have called a 'preliminary' adjudication." *Camreta*, 563 U.S. at 713 (citation omitted). It necessarily follows that "[w]hen happenstance prevents that review from occurring, the normal rule should apply: Vacatur then rightly 'strips the decision below of its binding effect,' and 'clears the path for future relitigation.'" *Id.* (citations omitted). With this understanding, we dismiss this appeal as moot and order that the trial court's judgment be vacated.[*]

II.

Godlove and Wolfe also request that this Court tax costs against Rothstein in the amount of $2,916.90 for the preparation, filing, and service of their petition, briefs, and appendix because Rothstein voluntarily and unilaterally mooted this appeal by selling his property. Costs were not awarded under common law, and thus, any permissible recovery of costs is purely statutory. *See*

---

[*] The dismissal of this appeal also necessitates dismissal of Rothstein's assignment of cross-error. *See Alexandria Redev. & Hous. Auth. v. Walker*, 290 Va. 150, 156 n.2 (2015) (recognizing that an "assignment of cross-error, unlike a freestanding cross-appeal, is jurisdictionally dependent on the initiating appeal").

*Advanced Marine Enters., Inc. v. PRC Inc.*, 256 Va. 106, 125 (1998); W. Hamilton Bryson, Bryson on Virginia Civil Procedure § 14.01, at 14-1 to -2 (5th ed. 2017). Code § 17.1-604 provides that "[i]n every case in the Supreme Court . . . , costs shall be recovered in such court by the party substantially prevailing." A "substantially prevailing" party is one that "prevails on all the claims of [his] case." Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 3.17, at 409 (7th ed. 2020); *see also City of Richmond v. County of Henrico*, 185 Va. 859, 869 (1947); Martin P. Burks, Common Law and Statutory Pleading and Practice § 437, at 857 (T. Munford Boyd ed., 4th ed. 1952).

Under Virginia law, "when it is shown that the controversy in any case has ceased to exist, leaving only moot questions, there can be no recovery of costs by either side in this [C]ourt, as neither party can be said to have substantially prevailed on the appeal." *Ficklen v. City of Danville*, 146 Va. 426, 435-36 (1926); *see also Cumberland Bank & Tr. Co. v. French*, 186 Va. 53, 54 (1947); *Wallerstein*, 136 Va. at 546; *Branscome v. Cunduff*, 123 Va. 352, 353-54 (1918); *Hamer v. Commonwealth*, 107 Va. 636, 638 (1907). We have recognized an exception to this rule in cases in which a nonprevailing party has a contractual right to an award of costs. *See, e.g.*, *Coady v. Strategic Res., Inc.*, 258 Va. 12, 15-17 (1999). In the present case, however, no such contractual right has been asserted. Thus, because this case is now moot, leaving no substantially prevailing party on appeal, we deny the request to tax costs against Rothstein.

III.

In sum, we grant Rothstein's motion to dismiss this appeal as moot and to vacate the trial court's judgment, and we deny the request to tax costs against Rothstein and order that the parties shall pay their own respective, incurred costs.

*Dismissed and vacated.*

3