# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 11th day of April, 2024.*

Present: All the Justices

COMMONWEALTH OF VIRGINIA,                                          APPELLANT,

 against         Record No. 230379
                 Court of Appeals No. 1373-21-4

JAMES FREDERICK BROWNE,                                          APPELLEE.

UPON AN APPEAL FROM A
JUDGMENT RENDERED BY THE
COURT OF APPEALS OF VIRGINIA.

Upon consideration of the record, briefs, and argument of counsel, the Court is of the opinion that this appeal is moot.

## I.

On January 19, 2022, the Circuit Court of Page County revoked the suspended sentences of James Frederick Browne, resuspended portions of the sentences, and ordered Browne to serve a period of active incarceration. The Court of Appeals reversed the judgment of the circuit court, concluding that the circuit court erred by ordering Browne to serve a period of active incarceration that exceeded the maximum period of active incarceration permitted by Code § 19.2-306.1. *See Browne v. Commonwealth*, Record No. 1373-21-4, 2023 Va. App. LEXIS 228, at *1-2 (Va. Ct. App. April 11, 2023). The Commonwealth of Virginia subsequently appealed the judgment of the Court of Appeals, challenging the judgment on several grounds.

In a letter filed in response to the Commonwealth's petition for appeal, Browne advised the Court that he had already served the entire period of active incarceration imposed by the circuit court. Consequently, Browne acknowledged that "there is no risk to him even if the case were to be reversed on appeal." Under these circumstances, Browne did not "object" to the Commonwealth's petition for appeal.

At oral argument, the Court asked both parties to address whether the appeal was moot in light of the fact that Browne had already served the entire period of active incarceration at issue. The Court also permitted the parties to submit supplemental briefs addressing the potential

mootness of the appeal.

Both parties argued that the appeal was not moot. In his supplemental brief, however, Browne recognized that he could no longer benefit from the pertinent provisions of Code § 19.2-306.1 (i.e., the provisions that impose certain sentencing limitations when an individual commits a first or second technical violation, as defined under the terms of the statute) in subsequent revocation proceedings addressing the suspended sentences at issue.

At oral argument, Browne advised the Court that he had incurred additional revocations of his suspended sentences after he served the period of active incarceration at issue in this appeal. The Commonwealth attached documentation to its supplemental brief confirming that Browne incurred three additional revocations of his suspended sentences following the revocation at issue in the present case. The attached documentation demonstrated that the additional revocations were based, at least in part, on technical violations set forth in Code § 19.2-306.1.

## II.

"[A] case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist[.]" *Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 452 (2013). "Whenever it appears . . . that there is no actual controversy between the litigants, or that, if it once existed, it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case." *Id.* (quoting *E.C. v. Virginia Dep't of Juvenile Justice*, 283 Va. 522, 530 (2012)).

"It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded." *E.C.*, 283 Va. at 530. "This Court does not issue advisory opinions on moot questions." *Board of Supervisors v. Ratcliff*, 298 Va. 622, 622 (2020).

Recently, the Court explained that an "action that involves a live controversy at its inception may become moot during the course of litigation." *Berry v. Board of Supervisors*, 302 Va. 114, 129 (2023). In some cases, "[c]hanging events during litigation may make it impossible for a court to award a litigant the relief requested." *Id.* An appellate court may consider extrinsic evidence that is not already part of the record when considering whether a case has become moot during the pendency of an appeal. *See Hamer v. Commonwealth*, 107 Va. 636, 638 (1907).

2

In *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998), the Supreme Court of the United States held that an appeal challenging the revocation of a petitioner's parole became moot after the petitioner finished serving the underlying criminal sentence. As the petitioner had served his sentence in its entirety, the Court observed that the reincarceration resulting from the revocation of the petitioner's parole could not "be undone." *Id.* at 8. In light of this fact, the Court explained that the petitioner was required to demonstrate "some concrete and continuing injury" or ongoing "collateral consequence" of the revocation in order to maintain the litigation. *Id.* at 7. As the petitioner had failed to make such a showing, the Court concluded that the case was moot. *See id.* at 14-18.

In *United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008), the United States Court of Appeals for the Fourth Circuit applied the rationale of *Spencer* to an appeal challenging the revocation of supervised release. Like the petitioner in *Spencer*, the appellant in *Hardy* finished serving his underlying criminal sentence during the pendency of his appeal. *Id.* As the appellant failed to identify any remaining "collateral consequences" stemming from the revocation of his supervised release, the Fourth Circuit concluded that the appeal was moot. *Id.* at 284-85.

This Court addressed *Spencer* in *E.C. v. Virginia Dep't of Juvenile Justice*, 283 Va. 522, 531 (2012). In *E.C.*, a petitioner was released from custody while his petition for a writ of habeas corpus was pending. *Id.* at 525. Significantly, the habeas corpus petition challenged the validity of the petitioner's underlying delinquency adjudications. *Id.* at 536.

Citing numerous federal cases, the Court explained that the "collateral consequences of a conviction may be sufficient to defeat a claim of mootness when the petitioner in a habeas proceeding has been released from custody subsequent to the filing of the petition." *Id.* at 531-32. Therefore, the Court determined that "[r]elease from confinement, probation or parole during the pendency of [a habeas corpus] proceeding does not automatically render the proceeding moot." *Id.* at 536.

Relying on *Spencer*, the Court emphasized that "[w]hen a petitioner challenging the legality of his conviction continues to suffer a concrete and continuing injury, which is a collateral consequence of the conviction, a case or controversy remains and release from the sentence imposed does not render the case moot." *Id.* at 531. The Court, however, observed that "[n]ot all collateral consequences of a conviction will be sufficient to avoid a finding that the case is moot." *Id.* at 536. The Court explained that the effect of such collateral consequences

3

should be evaluated on a "case by case basis." *Id.*

Ultimately, the Court determined that the petitioner's release from custody did not moot his habeas corpus petition. *Id.* The Court noted that the petitioner's habeas corpus petition sought to avoid the collateral consequences of his adjudications by invalidating the challenged adjudications themselves—relief that could "be afforded by the [C]ourt exercising its habeas corpus jurisdiction." *Id.* Although the petitioner had been released from custody, the Court concluded that the collateral consequences of the challenged adjudications were "sufficient to sustain a continued controversy."[1] *Id.*

The present case is more similar to *Spencer* and *Hardy* than *E.C.* At his revocation hearing, Browne conceded that he violated several conditions of his probation and suspended sentences. Thus, Browne has acknowledged that the circuit court had an adequate basis to revoke his suspended sentences.

This appeal does not involve a challenge to the revocation itself. Rather, it only involves a challenge to the punishment imposed as a consequence of the revocation. In the Court of Appeals, Browne argued that the circuit court erred by misclassifying some of his violations as non-technical violations under Code § 19.2-306.1. Browne maintained that the violations at issue should have been classified as technical violations, triggering certain sentencing limitations set forth in the statute. Specifically, Browne claimed that the circuit court could have only imposed a maximum of 14 days of active incarceration based on the violations at issue. The Court of Appeals agreed with Browne's argument, vacated the judgment of the circuit court, and remanded the case to the circuit court for the imposition of a punishment consistent with the requirements of Code § 19.2-306.1. *See Browne*, 2023 Va. App. LEXIS at *23.

As Browne has already served the period of active incarceration imposed by the circuit court, this appeal is now moot—notwithstanding the alleged erroneous application of the pertinent provisions of Code § 19.2-306.1. At this point, Browne's incarceration cannot be "undone" by the Court. *See Spencer*, 523 U.S. at 8. Browne cannot be ordered to serve a lesser period of incarceration based on the revocation of his suspended sentences because he has already served the entire period of incarceration imposed by the circuit court.

---

[1] The adjudications challenged in *E.C.* imposed significant collateral consequences that clearly continued to affect the petitioner after he was released from custody. Among other things, the challenged adjudications required the petitioner to register as a sex offender for the rest of his life. *See E.C.*, 283 Va. at 533.

Furthermore, the circuit court's alleged erroneous application of the pertinent provisions of Code § 19.2-306.1 has not caused Browne to incur a continuing injury. Under the particular circumstances of this case, there are no collateral consequences arising from the alleged misclassification of the violations at issue.

Browne's suspended sentences were initially revoked on April 28, 2021, based in part on technical violations defined in Code § 19.2-306.1. In the present case, Browne's suspended sentences were also revoked based in part on technical violations defined in Code § 19.2-306.1. Moreover, Browne has acknowledged that his suspended sentences have been revoked based on additional violations that were committed after he was released from incarceration. The documentation provided by the Commonwealth indicates that these revocations were based in part on technical violations defined in Code § 19.2-306.1. Therefore, Browne's suspended sentences have already been revoked based on at least two technical violations.[2]

The sentencing limitations set forth in Code § 19.2-306.1 only apply to first and second technical violations. *See* Code § 19.2-306.1(C). A court "may impose whatever sentence might have been originally imposed for a third or subsequent technical violation." *Id.* As Browne has already committed more than two technical violations, the sentencing limitations set forth in Code § 19.2-306.1 will no longer apply to Browne in subsequent revocation proceedings addressing the suspended sentences at issue. Thus, the alleged misclassification of the violations at issue in this case can no longer affect Browne in subsequent revocation proceedings.

An exception to the mootness doctrine applies when an underlying dispute is "capable of repetition, yet evading review." *See, e.g.*, *Daily Press, Inc.*, 285 Va. at 452 (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 563 (1980)). The Supreme Court of the United States has explained that this narrow exception applies when: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again."

---

[2] The memorandum opinion of the Court of Appeals questioned "whether a trial court's prior findings of both technical and non-technical violations . . . at the same revocation hearing count as a prior technical violation for purposes of sentencing under Code § 19.2-306.1(C)." *Browne*, 2023 Va. App. LEXIS at *21, n.13. The plain language of the statute does not support such an interpretation. As explained in the concurring opinion of Judge Athey, an individual commits a technical violation under Code § 19.2-306.1 when he commits an act enumerated in subsection (A) of the statute—regardless of whether the violation is adjudicated simultaneously with a separate non-technical violation. *Id.* at *24-25 (Athey, J., concurring).

5

*Spencer*, 523 U.S. at 17 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 481 (1990)). "The capable-of-repetition doctrine applies only in exceptional situations." *Id.* (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). Therefore, it is applied "sparingly" by the Court. *Daily Press, Inc.*, 285 Va. at 452.

This case is not capable of repetition. As previously explained, Browne's suspended sentences have been revoked based on at least two prior technical violations. Consequently, the sentencing limitations set forth in Code § 19.2-306.1 will no longer apply to Browne in any subsequent revocation proceedings concerning the suspended sentences at issue. Under these circumstances, the mootness doctrine bars further review of the present appeal.

When a case becomes moot during the pendency of an appeal through no fault of the appellant, "vacatur of [the] lower court judgment[] is generally appropriate." *Ratcliff*, 298 Va. at 623; *see also Camreta v. Greene*, 563 U.S. 692, 712 (2011); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). "[A] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance[,] . . . ought not in fairness be forced to acquiesce in that ruling." *Ratcliff*, 298 Va. at 623 (quoting *Camreta*, 563 U.S. at 712). "[T]he equitable remedy of vacatur ensures that those who have been prevented from obtaining the review to which they are entitled [are] not . . . treated as if there had been a review." *Id.* (quoting *Camreta*, 563 U.S. at 712).

As Browne has already served the entire period of active incarceration that is the subject of this appeal and he has not suffered any ongoing injury as a collateral consequence of the alleged erroneous application of Code § 19.2-306.1, the present appeal is moot. Therefore, the Court vacates the memorandum opinion and judgment of the Court of Appeals, reinstates the judgment of the circuit court, and dismisses this case.

This order shall be published in the Virginia Reports and certified to the Court of Appeals and the Circuit Court of Page County.

A Copy,

Teste:

Clerk

6